The defendant the Second National Bank of New Haven by its motion has sought to have the court determine priorities and to declare the "lien" of the Union Trust Company, if any, as subordinate to the attachment lien of the Second National Bank of New Haven.
The instant motion raises the question whether an agreement not to mortgage or sell real estate signed by the owners of the equity of redemption and witnessed by one witness but not acknowledged is an "encumbrance"[1] within the meaning of § 49-19
of the General Statutes, thus entitling the creditor recording such a document to priority in redeeming over a subsequent attaching creditor.
The defendants Allen, owners of the equity of redemption, on June 8, 1970, executed a document entitled "Agreement," and it reads as follows: "The undersigned hereby agree(s) not to further mortgage, or sell the property located at 14 Sheffield Rd., North Haven, Conn., so long as any part of a loan dated June 8, 1970 in the amount of $7,949.40, or *Page 58 
any interest due thereon, or any renewal in part or in full thereof, remains unpaid to Union Trust Company. No increase will be made in the existing first mortgage on said property, nor shall any subsequent encumbrance, whether by a second mortgage or otherwise, be placed or be permitted to be placed on said property without the expressed written consent of Union Trust Company. We further agree that should said property be sold, any balance of principal on this loan with any interest or other charges thereon will be paid in full at the time of sale. Executed this 8 day of June 1970." This document was recorded in the land records of North Haven in volume 252, page 14, on June 13, 1970.
Whether the loan mentioned therein was a home improvement loan governed by the provisions of § 36-97a of the General Statutes, or an improvement loan governed by § 36-100, or otherwise, does not appear to the court from the pleadings or the exhibit introduced during the hearing on the instant motion. Apparently, however, it was not a loan to be characterized as a mortgage loan. See General Statutes § 36-99.
The document in question states no consideration for the granting of the agreement, does not identify the other contracting party, and fails to grant any definable interest in land to a grantee. This document was not executed in accordance with the provisions of the statute relating to conveyances of interests in real estate. See General Statutes § 47-5.
The Second National Bank of New Haven, a subsequent attaching creditor, claims priority over the "interest" of the Union Trust Company. It claims that the agreement in question is not a lien on the property recognized by the law of this state as sufficient to make it a charge on the property but at most constitutes a cloud on the title. *Page 59 
The distinction between an encumbrance and a cloud on a title to property has been delineated by the courts for many years. In Kelsey v. Remer,43 Conn. 129, 138, an encumbrance is defined as every right to or interest in land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. See also Alling v. Burlock, 46 Conn. 504,510. Reed v. Stevens, 93 Conn. 659, 662, defined an encumbrance to be a lawful claim impairing the estate granted. There the court held that the existence of a deed which was null and void may be a cloud upon the title to the premises but that such a deed does not impair seizin or the right to convey and does not constitute an encumbrance upon the property, and therefore cannot be made the basis of a lawful claim for damages against the grantor for a violation of the latter's convenants of warranty and against encumbrances. A cloud upon one's title is something which shows prima facie some right of a third person to it. Waterbury SavingsBank v. Lawler, 46 Conn. 243, 245.
To be a cloud upon a title the claim must be invalid, while only lawful or valid claims violate the covenants as to encumbrances. In Mitchell v. Warner,5 Conn. 497, 508, it was stated that encumbrances in their nature are numerous. A mortgage, a way, a right to dig turf, to pasture cattle, or to have dower assigned, or, in short, an easement of any kind, is an encumbrance, because it is a load or weight on the land and must lessen its value.
From the above it would appear that the purported agreement, apparently without consideration, lacking as it does a granting clause as well as any sanction for its breach, vests in the Union Trust Company no valid interest in the mortgagor's property. It constitutes at best a cloud on the title of the mortgagor and therefore rates as against the Second *Page 60 
National Bank a right of redemption in the property sought to be foreclosed herein superior only to that of the owner of the equity of redemption.
 The motion of the Second National Bank of New Haven must be, and therefore is, granted.