DRAZEN PROPERTIES LIMITED PARTNERSHIP *v.*
E. F. MAHON, INC.
(7377)

DUPONT, C. J., SPALLONE and FOTI, Js.

---

472

Argued June 22—decision released August 29, 1989

*Bernard Green,* with whom, on the brief, was *Joel Z. Green,* for the appellant (plaintiff).

*John W. Colleran,* for the appellee (defendant).

DUPONT, C. J. The plaintiff, Drazen Properties Limited Partnership, sought to recover possession from the defendant of 4000 square feet of real property through this summary process action. The trial court rendered judgment for the defendant, from which the plaintiff appeals. The plaintiff claims that the trial court erred (1) in concluding that the plaintiff was a "successor" within the meaning of General Statutes § 47-19 and, therefore, not entitled to the protection of the statute, and (2) in concluding that the plaintiff was not a bona fide purchaser.

The trial court found the following relevant facts. Certain premises, consisting of approximately 12,500 square feet, were leased to the defendant by the Charles E. Drazen Trust, by written lease dated December 5, 1977. On December 11, 1979, the defendant and the Drazen Trust executed an amendment to the 1977 lease, leasing an additional 4000 square feet to the defendant for the purpose of enlarging the roller

skating rink that the defendant had been operating on the 12,500 square foot premises provided for in the earlier lease.

The amendment provided that the defendant would be responsible for all the costs of constructing the 4000 square foot expansion, additional rent, taxes and insurance and, in addition, gave the defendant the option of extending the lease term for the entire 16,500 square foot premises to March 31, 1998. Neither the original lease nor the 1979 amendment was recorded.

On December 31, 1985, the Drazen Trust sold the property to Donald J. Sherman. At that time, Sherman requested that he be supplied with any and all leases relating to the subject property. Sherman was not given the 1979 amendment to the lease. On that same date, Sherman sold the property to the plaintiff, Drazen Properties Limited Partnership.

On February 23, 1987, the plaintiff brought a summary process action against the defendant to obtain possession of the 4000 square foot premises referred to in the 1979 amendment to the original lease. The plaintiff subsequently filed a revised complaint for the same purpose on April 20, 1987. The plaintiff contended that, because the 1979 amendment was unrecorded, it is invalid pursuant to General Statutes § 47-19 and passes no leasehold interest to the defendant, and, therefore, as to the 4000 square foot premises covered by the amendment, the defendant was merely a month-to-month holdover tenant and subject to eviction by summary process. The plaintiff further contended that, at the time it purchased the property from Sherman, Sherman had delivered the documents that had been provided to him at the time of his purchase of the property. These included the original lease between the defendant and the Drazen Trust for 12,500 square feet, but did not include the 1979 amendment

providing for the lease of the additional 4000 square feet. The plaintiff contended that it had no notice of the 1979 amendment and, therefore, was a bona fide purchaser for value with no notice of the defendant's claim or interest in the 4000 square foot premises.

The trial court concluded that, because the plaintiff alleged in its revised complaint that it was a successor to the original lessor, the Drazen Trust, the plaintiff was not entitled to invalidate the amendment to the lease pursuant to General Statutes § 47-19 on the grounds that it was unrecorded. In addition, the trial court concluded that, even if the plaintiff was not a successor as that term is used in § 47-19, the plaintiff had actual notice of the amendment and was, therefore, not a bona fide purchaser for value entitled to invalidate the lease. We conclude that although the trial court erred in concluding that the defendant was a successor to the original lessor for the purposes of § 47-19, it did not err in finding that the plaintiff was not a bona fide purchaser for value, and, therefore, did not err in rendering judgment for the defendant.

General Statutes § 47-19 provides in pertinent part: "No lease of any building, land or tenement, for life or for any term exceeding one year or which provides for the renewal thereof or an option to purchase such building, land or tenement, shall be effectual against any persons other than the lessor and lessee and their respective heirs, successors, administrators and executors, unless it is in writing, executed, attested, acknowledged and recorded in the same manner as a deed of land . . . ."

The trial court concluded that the plaintiff had alleged, and thus admitted, that it is a successor to the original lessor, the Drazen Trust, and therefore the amendment to the lease was enforceable against the plaintiff despite being unrecorded. The plaintiff con-

tends that its complaint alleged that it is a successor in interest, rather than a successor to the original lessor and that the term "successor" as used in General Statutes § 47-19 refers only to those who take property by the laws of succession and not to those who take by purchase or contract. We agree.

The plaintiff alleged in its revised complaint that it is a successor in interest to the Drazen Trust. The plaintiff subsequently denied the defendant's special defense that the plaintiff is a successor of the original lessor and thus bound by the amendment to the lease. It is clear, therefore, that the plaintiff did not allege or admit that it is a successor to the original lessor, but instead alleged that it is a successor in interest.

The terms "successor" and "successor in interest" cannot be construed as equivalent for purposes of General Statutes § 47-19. The term "successor" is defined as "[o]ne who takes the place of another by succession." Black's Law Dictionary (5th Ed.). Succession refers to "[t]he devolution of title to property under the law of descent and distribution . . . the word when applied to realty denotes persons who take by will or inheritance and excludes those who take by deed, grant, gift, or any form of purchase or contract." Id. Thus, a successor, as applied to realty, is one who takes by will or inheritance, rather than by deed, grant, gift, purchase or contract. In contrast, a successor in interest is "one who follows another in ownership or control of property"; id; and does not exclude those who take by deed, grant, gift, purchase or contract.

The recognition of the distinction between the terms "successor" and "successor in interest" is necessary to effectuate the purpose of § 47-19. The purpose of the statute is to protect creditors and bona fide purchasers from being bound by unrecorded leases of more than one year. *Farmers & Mechanics Savings Bank* v.

*First Federal Savings & Loan Assn. of Meriden,* 167 Conn. 294, 301, 355 A.2d 260 (1974). The statute specifically excluded "heirs, successors, administrators and executors" of the original lessor and lessee from its protection. To conclude that the term "successors" refers to all successors in interest to the original lessor or lessee would thwart the purpose of the statute. Creditors and bona fide purchasers also may be successors in interest to the original lessor or lessee and, thus, such an interpretation would potentially except those whom the statute is designed to protect.

The context of the term "successors" within the statute offers further support for our conclusion that the term refers only to those who take property by will or inheritance, rather than to successors in interest in general. An earlier version of the statute excluded only "heirs" of the original lessor or lessee from its protection. Public Acts 1961, No. 205 broadened the exception to include "heirs, successors, administrators and executors." Thus, by adding the terms "successors," "administrators" and "executors," the statute appears to contemplate the exclusion of all entities, rather than simply heirs, that may own or control the property of an original lessor or lessee by reason of death.

We conclude, therefore, that because the plaintiff's allegation that it was a successor in interest to the original lessor does not amount to an allegation or admission that it was a successor to the lessor for purposes of General Statutes § 47-19, and because there is no evidence that the plaintiff acquired ownership of the subject property by will or inheritance, the trial court erred in concluding that the plaintiff was a successor to the original lessor under General Statutes § 47-19.

It is unnecessary, however, to reverse the judgment of the trial court, because the court found that, even if the plaintiff was not a successor to the original les-

sor and not excluded from the protection of the statute, the plaintiff was not a bona fide purchaser for value and therefore was not entitled to invalidate the amendment to the original lease. We agree.

General Statutes § 47-19 is designed to protect bona fide purchasers without actual notice from being bound by unrecorded leases. *Farmers & Mechanics Savings Bank* v. *First Federal Savings & Loan Assn. of Meriden,* supra, 301–302. " 'A bona fide purchaser is one who buys property of another without notice that some third party has a right to or interest in such property, and pays a full and fair price for the same . . . before he has notice of a claim or interest of such other in the property.' *Alden* v. *Trubee,* 44 Conn. 455, 459 [1877]." *Andretta* v. *Fox New England Theatres, Inc.,* 113 Conn. 476, 482, 155 A. 848 (1931). "The purchaser has such notice if he knows 'facts which are sufficient to put a prudent man on inquiry which, if prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim.' *Lengyel* v. *Peregrin,* [104 Conn. 285, 288, 132 A. 459 (1926).]" Id., 480.

In the present case, the trial court found that Barry Drazen, the general partner and majority owner of Drazen Properties Limited Partnership, operated a shopping center next to the subject premises, had witnessed the construction of the 4000 square foot addition by the defendant and had full knowledge of the fact that the defendant was operating its business therein. The court also found that the records of the amount of rent, taxes and insurance paid by the defendant, of which Barry Drazen had knowledge, gave notice to the plaintiff that the defendant was paying more than the amounts called for by the original lease of 12,500 square feet. We cannot say, upon the facts found by the trial court, that the trial court erred in concluding that the plaintiff had notice of the amendment to the

lease and was therefore not entitled to invalidate the amendment pursuant to General Statutes § 47-19.

There is no error.

In this opinion the other judges concurred.