[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION TO COMPEL ARBITRATION
The complaint in this case was brought by the plaintiff. Alan Ufland, requesting that the court order the defendants to arbitrate a dispute concerning a lease between the parties. The plaintiff seeks to enforce an arbitration provision in that lease, which was signed by the plaintiff's predecessor in interest, Augustus Franzoni, and the defendants, Annette Velardi and Elaine Bessinger. The plaintiff alleges that the defendants have refused to arbitrate. A copy of the lease is attached to the complaint. The arbitration provision provides:
 "Any dispute arising under this Lease shall be settled by arbitration. The Lessor and Lessee shall each choose an arbitrator and the two arbitrators thus chosen shall select a third arbitrator. The findings and award of the three arbitrators thus chosen shall be final and binding on the parties hereto."
The lease is signed by the original lessor, Augustus Franzoni, and the lessee defendants.
The defendants moved to dismiss the complaint for lack of CT Page 1272 subject matter jurisdiction on December 4, 1990. On December 11, 1990, the plaintiff moved for an order of arbitration pursuant to Conn. Gen. Stat. 52-410 (rev'd to 1989). On December 18, 1990, the defendants objected to the motion for an order of arbitration.
1. DEFENDANTS' MOTION TO DISMISS
A party may file a motion to dismiss to assert "lack of jurisdiction over the subject matter." Conn. Practice Bk. 143 (rev'd to 1989). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Demar v. Open Space Conservation Commission, 211 Conn. 416,. 423-24 (1989).
The defendants argue that this court has no subject matter jurisdiction to compel the parties to arbitrate because the lease is not valid as it does not comply with Conn. Gen. Stat. 47-19, which provides in relevant part:
 "No lease of any building, land or tenement, for life or for any term exceeding one year or which provides for the renewal thereof or an option to purchase such building, land or tenement, shall be effectual against any persons other than the lessor and lessee and their respective heirs, successors, administrators and executors, unless it is in writing, executed, attested, acknowledged and recorded in the same manner as a deed of land. . . ."
The defendants argue that the lease was neither executed, attested, acknowledged nor recorded, and that the plaintiff does not fall within the enumerated persons who can enforce the lease otherwise.
The plaintiff further argues that a motion to dismiss is not proper in this instance because the defendants assert essentially that plaintiff's complaint is legally insufficient.
A motion to dismiss is not the proper vehicle by which to raise the claim that no contract exists. The existence or nonexistence of a contract neither gives nor deprives the court of the power to hear the case. Accordingly, the defendants' motion to dismiss is denied.
2. Motion to Compel Arbitration
 "The authority for arbitration must be derived from the agreement of the parties. . . . In reviewing a party's application to proceed with CT Page 1273 arbitration in connection with the agreement, the trial court's authority is to grant or deny the applications `according to the rights of the parties.' General Statutes 52-410 (c).'
Action CATV, Inc. v. Wildwood Partners, Ltd., 19 Conn. App. 235,237 (1989) (citations omitted).
 "The clear purpose of 52-410 is to provide the `parties' to an arbitration agreement with an enforcement mechanism by permitting them to invoke the court's equitable powers. The statute limits the availability of the remedy to `parties,' but the word is not defined. . . . The meaning must therefore be derived from the agreement itself."
Paranko v. State, 200 Conn. 51, 54 (1986) (citation omitted).
Plaintiff alleges that he bought the subject property from the prior lessee and obtained an assignment of the lease between the prior lessee and the the defendants. Paragraph 27 of the lease provides, "[l]essor and lessee agree that this Lease shall inure to the benefit and be binding upon Lessor and Lessee and their respective heirs, executors, administrators, successors and assigns."
The plaintiff argues that the court should order the defendants to arbitrate because he is a lessor, a person who may enforce a lease despite its noncompliance with 47-19. The defendants argue that the plaintiff, who called himself a "successor in interest" in his complaint, cannot enforce the lease because he is not a "successor" under 47-19 as interpreted by a recent appellate court case. In Drazen Properties Limited Partnership v. E. F. Mahon, Inc., 19 Conn. App. 471 (1989), the court said:
 "The terms `successor' and `successor in interest' cannot be construed as equivalent for purposes of General Statutes 47-19 . . . a successor, as applied to realty is one who takes by will or inheritance, rather than by deed, grant, gift, purchase or contract. In contract, a successor in interest is one who follows another in ownership or control of property and does not exclude those who take by deed, grant, gift, purchase or contract."
Id. at 475.
However, as the plaintiff argues, "[t]he purpose of the statute is to protect creditors and bona fide purchasers from CT Page 1274 being bound by unrecorded leases of more than one year." Id.; Farmers Mechanics Savings Bank v. First Federal Savings Loan Assn., 167 Conn. 294, 301 (1974) ("The effect of the statute is to render [unrecorded leases] ineffectual as to creditors and bona fide purchasers unless they are so recorded."). "A bona fide purchaser is one who buys property of another without notice that some third party has a right to or interest in such property, and pays a full and fair price for the same . . . before he has notice of a claim or interest of such other in the property." Andretta v. Fox New England Theatres, Inc., 113 Conn. 476, 482 (1931).
The defendants are neither bona fide purchasers nor creditors who can invoke the protection of the statute. They are parties to the contract as the plaintiff is a party by way of assignment. The defendants are not in a position to claim that the lease is void under 47-19. Further, the contract, in the assignment clause, includes assignees of the signing parties as parties to the lease. Because the plaintiff may enforce the arbitration clause, it is appropriate for this court to grant the plaintiff's motion to compel arbitration.
For the foregoing reasons, the defendants' motion to dismiss is denied and the plaintiff's motion to compel arbitration is granted.
BARRY R. SCHALLER, JUDGE