[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action arising out of a contract for the sale of land default was entered against defendant and the matter comes to the court as a hearing in damages. Plaintiffs' claim for damages are set forth on the Second Revised Complaint dated December 21, 1990. Defendant filed a notice of defenses pursuant to Connecticut Practice Book 367 but introduced no evidence at the hearing.
The first count of the complaint is a claim for CT Page 7452 damages resulting from breach of contract. The essential elements of this count are not greatly in dispute and may be summarized as follows:
On or about May 9, 1989 plaintiffs entered into a written contract whereby they agreed to sell and defendant agreed to buy real estate owned by the plaintiffs in the Town of Colchester. The contract was subsequently amended by the parties. The contract was contingent on defendant obtaining zoning permits for retail development. This was accomplished and, under the terms of the contract and with time allowed for appeal under General Statutes 8-8 a closing date of December 14, 1989 was set.
Plaintiffs were at all times ready, willing and able to perform all terms and conditions of the contract which they were obligated to perform.
The balance to be paid at the time of the closing was $371,000.00. Defendant refused to close and has never paid the balance or taken title to the realty. As a consequence of defendant's failure to perform plaintiffs retained title to the land.
Plaintiffs claim as damages the $371,000.00 balance less the fair market value of the property on August 15, 1990.
Paragraph 18 of the contract, entitled "DEFAULT By PURCHASERS" provided that if defendant failed to close as required under the terms of the agreement plaintiffs would retain as liquidated damages all deposit money paid under the contact. This amounted to $4,000.00. paragraph 18 also provided that defendants would be responsible for all costs and attorney's fees incurred by the seller for collection of the amount due.
Defendant refused to allow the $4,000.00 deposit to be turned over to plaintiff and on December 28, 1989 recorded the contract in the Colchester land records.
Plaintiffs, through their attorneys, attempted to get defendant to surrender the $4,000.00 deposit and to release the contract from the land records. Defendant refused to comply.
It is noted that correspondence between the parties, in evidence, shows that releases were exchanged between the parties. Neither party has raised any claim on the basis of these releases and the court must conclude that CT Page 7453 they have no legal significance in this case.
Being unsuccessful in their attempt to have defendant surrender the $4,000.00 deposit and release the recorded contract on the land records plaintiff instituted the present action by writ, summons and complaint dated May 18, 1990 returnable June 12, 1990.
On August 9, 1990, defendant sent to plaintiffs a release sufficient to clear the land records. The $4,000.00 deposit was also returned.
Plaintiffs claim as damages under the first count the difference between the contract price, and the value of the property at the time the breach citing Loda v. H. K. Sargeant Associates, Inc., 188 Conn. 69, 82 (1982). However, damages are limited by the terms of the contract.
The provision in the contract for liquidated damages was reasonable, was agreed to by plaintiffs, and should be enforced. Vines v. Orchard Hills, Inc., 181 Conn. 501,513-514 (1980). It does, however, limit damages.
Under the first count plaintiffs are only entitled to return of the deposit together with attorneys fees and costs. Since they have already recovered the $4,000.00 plaintiff may only recover attorney's fees and costs.
The second count repeats the allegations of the first count and charges that defendant intentionally and maliciously clouded plaintiff's title to the realty by recording the contract of sale after the date set for the closing. Defendant does not appear to contest this claim.
A review of the contract, as recorded would indicate that the time for performance under the contract had expired. But it must be concluded that the recorded contract was evidence of some equitable claim by defendant. Francis, T. Zappone Co. v. Mark, 197 Conn. 264, 268 (1985). It is doubtful that a party would purchase the realty or accept a mortgage of it until title was cleared.
A cloud upon one's title is something which shows prima facie some right of a third party person to the land. Waterbury Savings Bank v. Lawler, 46 Conn. 243, 245 (1978). To be a cloud upon a title the claim must be invalid. Palmeri v. Allen, 30 Conn. Sup. 56, 59 (1972). Defendant has not contested plaintiffs' claim that he caused a cloud to be placed on the title as alleged. CT Page 7454
It must then be found that the recorded contract was in fact a cloud on the title. Plaintiffs however, have failed to prove any damages resulting from it. Accordingly they are entitled to nominal damages only in the second count.
The third count is similar to the second count and alleges slander of title. There is no proof of damages resulting from such slander. In their brief plaintiff claims damages under General Statutes 47-33. This section however does not apply and 47-33j has not been alleged.
Section 47-33j provides for damages which a party has slandered title by recording a notice under 47-33f and47-33g. This is not what occurred here.
The fourth count repeats the general allegations of the previous counts. This count also alleges that defendant has been a practicing attorney and that he has been actively engaged in the business of real estate development.
Under the count plaintiff claims that defendant's actions in entering the contract, refusing to close pursuant to the contract, and subsequently filing the contract in the land records then refusing to release it thereby clouding and slandering plaintiffs' title constituted unfair methods of competition and constituted unfair and deceptive acts or practices in trade or commerce within the meaning of General Statutes 42-110a et seq. the Connecticut Unfair Trade Practices Act (CUTPA).
Defendant filed a notice of defense to the fourth count as allowed by Practice Book Section 376. The defense is a claim that defendant is not engaged in "Trade and/or Commerce" as defined by 42-110a and therefore does not come within the meaning and intent of CUTPA. Defendant introduced no evidence in support of his claim.
As previously found, defendant entered into a binding contract for the purchase, by him, of plaintiffs' real estate for commercial development. Zoning permits were obtained, and a closing date was set. Plaintiffs were willing and able to convey the property in accordance with the agreement but defendant refused or was unable to pay the purchase price and go through with the closing.
There was a provision in the contract whereby on default by defendant, plaintiff should receive the $4,000.00 deposit. Defendant refused to authorize this payment until after the institution of this action. CT Page 7455
After failing to honor the contract defendant recorded the contract in the land records. He has given no reason as to why this was done and has offered no explanation of any legitimate purpose for so doing. As noted this recording constituted a cloud on plaintiffs' title.
Although plaintiffs have demonstrated no specific damages resulting from the recording of the contract the effect of such recording was to render title to the realty unmarketable. Until the release was filed plaintiffs could neither mortgage or sell their property.
In paragraph 17 of the fourth count it is alleged that during his dealings with plaintiff defendant was a practicing attorney and was actively engaged in the business of real estate development. Although defendant denies the he was engaged in trade or commerce under CUTPA a contrary conclusion must be reached.
It has been determined that the practice of law may be considered the conduct of a trade or commerce covered by the act. Heslin v. Connecticut Law Clinic of Trantolo and Trantolo, 190 Conn. 510, 519 (1983). Here it is alleged that defendant has been actively engaged in the business of real estate development. The evidence here leads to the conclusion that in this case defendant was so engaged. Considering the remedial purpose for which CUTPA was intended it must also be concluded that real estate development is a trade or commerce covered by the act. General Statutes42-110a(4). Heslin, supra 520.
The Supreme Court of this state has adopted the so called "cigarette rule", originally promulgated by the Federal Trade Commission, for guidance in determining whether a practice, while not deceptive is nonetheless unfair.
In determining whether a practice comes under the act the court should consider "(1) whether the practice without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen." Webb Press Services Corporation v. New London Motors, Inc., 205 Conn. 479,482 (1987). CT Page 7456
The determination must be based upon the totality of circumstances. Id. 483
In the case at bar, defendant's action in refusing surrender of the liquidated damages after default on the contract was far from laudable. His positive and intentional act of recording the contract while refusing to honor it, however, was most pernicious. Although defendant was unable, or unwilling to go through with the agreement, by recording the contract he tied up plaintiffs' real property so as to prevent them from selling to anyone else.
Only after the institution of this action did he surrender the liquidated damages and released the contract on the land records.
It must be found that plaintiffs have established the first and second factors cited under the "cigarette rule".
With regard to the first factor, although there is no public policy established by statute of common law preventing the recording of equitable claims against real estate a procedure has been established for removing the claim. General Statutes 47-31 and 47-33a. Lake Garda Improvement Assn. v. Battistoni, 155 Conn. 287, 293 (1967). It must be found that it is within at least the penumbra of some common-law or statutory concept of fairness, (or unfairness).
Under the circumstances of this case, the dog in the manger act of recording the contract and refusing to release it must be found to satisfy the second requirement of the rule.
The third factor requires a finding of substantial injury. Here there was no proof of any damages so it must be concluded that the third requirement has not been met. McLaughlin Ford, Inc. v. Ford Motor, Co., 192 Conn. 558,569-570 (1987).
Since the first and second criteria of the rule have been proven and since it is not necessary that all three be proven it must be concluded that plaintiffs have established a violation of CUTPA. Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 112 (1992).
Having determined that a CUTPA violation has been proven plaintiff may recover costs and reasonable attorneys fees. Id. CT Page 7457
As previously noted plaintiffs are entitled to attorneys' fees under the first and fourth counts. Plaintiffs claim attorneys' fees is the amount of $15,645.45. Most of these fees were generated chasing after damages to which plaintiffs are not entitled and most of the work was performed after the relief to which they were entitled to was obtained.
It is found that plaintiffs are entitled to attorneys' fees in the amount of $5,000.00. It is noted that this exceeds the amount of liquidated damages. However, plaintiffs' attorneys were required to expend considerable time and effort in bringing suit and clearing title.
Accordingly judgment is rendered for plaintiff in the amount of $10.00 damages and $5,000.00 attorneys' fees together with costs.
PURTILL, J.