[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISSOLVE PREJUDGMENT REMEDY
The defendants have moved to dissolve the prejudgment remedy of attachment granted by this court on April 27, 1992, after a hearing in which all parties were represented and present.
The defendants now claim that there is no probable cause to support the attachment because it was based upon the defendants duty to provide fire insurance under a lease between the defendants and the plaintiff. This claim is that since the lease was not recorded it is of no force and effect against them. Drazen Properties Ltd. Partnership v. EF Mahon, Inc., 19 Conn. App. 471 (1989).
The court disagrees for two reasons.
The legal issue raised by the defendants is not timely. The motion is filed fourteen months after the prejudgment remedy was granted. Connecticut General Statutes 52-2781 provides that an order granting a prejudgment remedy following a hearing shall be a final order for purposes of appeal which must be taken within seven days of the order. Connecticut General Statutes 52-278k provides that the court CT Page 7535 may, at any time, modify or vacate the order, not dissolve it as requested by the defendant, upon the presentation of evidence which would have justified the court in modifying or denying such prejudgment remedy at the initial hearing. The defendant's motion raises an issue of law, not an evidentiary matter. The court will not consider it at this time. The defendant's remedy was a timely appeal under 52-2781.
Furthermore, the court finds that the evidence referred to in this statute must be new evidence not evidence that was available at the time of the original hearing. Otherwise, parties where property is attached could bring any number of motions to modify or vacate.
Secondly, the Drazen case, supra, cited by the defendants, held that Connecticut General Statutes 47-19 is designed to protect purchasers without actual notice of a lease from being bound by unrecorded leases. In this case the defendants are bound by the lease as tenants, not purchasers. The Drazen case therefore is inapplicable.
The defendants' motion is denied.
Hurley, J.