CLEAN CORPORATION *v.* GEOFFREY FOSTON
(11495)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued September 21—decision released December 14, 1993

*Mark T. Kelly,* for the appellant (plaintiff).

*Geoffrey Foston,* pro se, the appellee (defendant).

DUPONT, C. J. The plaintiff, a supplier of coin operated washing machines and dryers, entered into contracts with the owners of Highland Terrace and West Orange Manor, apartment complexes in West Haven, to furnish laundry services for the complexes. The defendant subsequently purchased the apartment complexes. The defendant disconnected and removed the machines, whereupon the plaintiff sought damages for breach of "leases," claiming that the defendant had actual knowledge of the contracts, and was bound by them as the successor in interest to the former owners.

The plaintiff appeals from the judgment of the trial court for the defendant. The plaintiff claims that the trial court improperly (1) found that the two contracts were not leases, and that they were unenforceable against the defendant, (2) refused to open the judgment to allow the introduction of parol evidence to supply

proof that would have established that the contracts were leases, and (3) determined that the acceptance of benefits by the defendant under the contracts did not operate as an assumption of the agreements. We affirm the trial court's judgment.

The Highland Terrace agreement, entitled a "Contract for Services," granted to the plaintiff the exclusive right to install and maintain laundry machines at the complex. The contract did not contain a grant of possession to the plaintiff of any particular area of the Highland Terrace real estate. The language in the contract did not describe the agreement as a lease or the parties as landlord-tenant or lessor-lessee. The contract provided that any transfer of the apartment complex would be subject to the agreement and would be conditional on any new owner's assumption of the contractual obligations. Dated in 1984, the contract had a term of five years. The plaintiff did not record the contract on the West Haven land records.

The West Orange Manor agreement differed from the Highland Terrace agreement. Although the payments to be made by the plaintiff were not termed "rent," the West Orange Manor contract referred to West Orange Manor as "lessor" and to the plaintiff as "lessee." A key provision of the agreement stated: "The lessor hereby grants to the lessee, the sole and exclusive right to install and maintain (coin operated) automatic washers and dryers in the leased space in West Orange Manor, a 120 unit building, located at Sawmill Road, West Haven, CT. The lessor shall not install, nor permit any other person or entity to install, maintain or operate any type of laundry equipment whatsoever on these premises." The contract also provided that it was binding on the successors and assigns of West Orange Manor. Dated in 1988, the contract had a term of seven years. The plaintiff did not record the agreement on the land records.

Both contracts were still in effect when the defendant purchased Highland Terrace and West Orange Manor in 1986 and 1989, respectively. After the defendant's purchase, the plaintiff continued to supply coin operated washers and dryers to West Orange Manor and Highland Terrace until the defendant disconnected and removed the machines in 1989 and 1990, respectively. The plaintiff then brought "breach of lease" causes of action against the defendant. At trial, the plaintiff claimed that the contracts were binding on the defendant as lease agreements, which the defendant had notice of when he purchased the two apartment complexes. The defendant denied having notice of the contracts prior to his purchase of the apartments.

The trial court stated that the issue to be decided was whether an unrecorded contract to provide coin operated washers and dryers for the benefit of tenants of a building was enforceable against a subsequent owner of the building. In the absence of Connecticut precedent, the trial court relied on New York case law for a resolution of the question. In New York, an agreement between the owner of an apartment building and the supplier of laundry equipment for the purpose of providing and servicing washers and dryers for the tenants of a building usually creates a license. *Dime Laundry Service, Inc.* v. *230 Apartments Corp.*, 120 Misc. 2d 399, 401, 466 N.Y.S.2d 117 (1983).

The trial court found that neither agreement was a lease because neither conveyed exclusive possession of a definite space to a lessee. The court did not specifically find that either agreement was a license. It did, however, state that the West Orange Manor agreement "created *at best* a license in the property," and that licenses are revocable at any time. (Emphasis added.) The court held that the plaintiff was not entitled to damages for breach of the Highland Terrace agreement because it found that the defendant had produced no

evidence that the defendant had assumed the obligations of the Highland Terrace contract, and, therefore, that the defendant was not bound by the contract. Thus, the trial court concluded that neither contract was enforceable against the defendant, one because it was revocable, and the other because of the plaintiff's failure to establish that the defendant assumed it.

I

The plaintiff claims that the trial court improperly found that the contracts for laundry services between the plaintiff and the previous owners of Highland Terrace and West Orange Manor were not leases. According to the plaintiff, the contracts are leases since they contain definitive terms as to rental payments and the premises to be leased. The plaintiff contends that, as leases, the contracts are binding on the defendant as a subsequent purchaser with actual notice. In the alternative, the plaintiff claims that, even if the contracts are not leases but merely licenses, they are nevertheless binding on the defendant. We disagree.

A lease is a contract under which an exclusive possessory interest in property is conveyed. *Monarch Accounting Supplies, Inc.* v. *Prezioso,* 170 Conn. 659, 663–64, 368 A.2d 6 (1976); *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 601, 96 A.2d 217 (1953). A lease that conveys an interest in land for more than one year is not effectual against a bona fide purchaser of the leased land unless the lease is recorded on the land records or the purchaser has actual notice of the lease prior to purchase. General Statutes §§ 47-19[1] and

---

[1] General Statutes § 47-19 provides in pertinent part: "No lease . . . for any term exceeding one year . . . shall be effectual against any persons other than the lessor and lessee and their respective heirs, successors, administrators and executors, unless it is . . . recorded in the same manner as a deed of land . . . ."

47-10;[2] *Farmers & Mechanics Savings Bank* v. *First Federal Savings & Loan Assn. of Meriden,* 167 Conn. 294, 301–302, 355 A.2d 260 (1974); *Drazen Properties Ltd. Partnership* v. *E. F. Mahon, Inc.,* 19 Conn. App. 471, 477, 562 A.2d 1142 (1989). A bona fide purchaser is a buyer who pays a full and fair price for property without notice that a third party has an interest in that property. *Drazen Properties Ltd. Partnership* v. *E. F. Mahon, Inc.,* supra. A purchaser has actual notice if he knows facts sufficient to put a reasonable person on inquiry "which, if prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim. . . ." (Citation omitted; internal quotation marks omitted.) Id., quoting *Andretta* v. *Fox New England Theatres, Inc.,* 113 Conn. 476, 482, 155 A. 848 (1931).

In this case, the contracts have terms of more than one year. If they are assumed to be leases, they cannot bind the defendant. There is no indication that the defendant paid less than a full and fair price for the apartment complexes, and there is no dispute that the defendant lacked record notice because the contracts were not recorded on the land records. Furthermore, the trial court found that the defendant did not have actual notice, and we conclude that there was sufficient evidence to support that finding.[3]

---

[2] General Statutes § 47-10 provides in pertinent part: "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies. . . ."

[3] The defendant testified at trial that, although he knew that the machines were on the properties prior to his purchase of the complexes, he did not know about the existence of the contracts prior to that time. Since the defendant could have reasonably believed that the machines were included in the purchase of the complexes, he did not have to make an inquiry about possible third party claims to the machines. See *Drazen Properties Ltd. Partnership* v. *E. F. Mahon, Inc.,* 19 Conn. App. 471, 477, 562 A.2d 1142 (1989).

Unlike a lease, a license in real property is a mere privilege to act on the land of another, which does not produce an interest in the property. *State* v. *Allen,* 216 Conn. 367, 380, 579 A.2d 1066 (1990); *State* v. *Grant,* 6 Conn. App. 24, 29, 502 A.2d 945 (1986). Since a license does not convey a possessory interest in land; *State* v. *Allen,* supra; *State* v. *Grant,* supra; a license does not run with the land to bind a subsequent purchaser. See *Carlson* v. *Libby,* 137 Conn. 362, 367–68, 77 A.2d 332 (1950).[4] If the contracts in this case are assumed to be licenses between the plaintiff and the previous owners of Highland Terrace and West Orange Manor, they are not enforceable against the defendant because the defendant is merely a subsequent purchaser.

As a result, regardless of whether the contracts in issue are characterized as leases or licenses, we conclude that they do not bind the defendant.[5]

## II

The plaintiff claims that the trial court improperly refused to open the judgment to allow the introduction of parol evidence[6] to establish the existence of "leased premises." The plaintiff contends that the introduction of this evidence would prove that the contracts are leases.

It is well established that courts have an inherent capacity to open judgments. See *Batory* v. *Bajor,* 22

---

[4] A license also is unassignable. A license extends only to the person to whom it is given, and cannot be granted to another. *Prince* v. *Case,* 10 Conn. 375, 382 (1835).

[5] A right to install and maintain laundry machines on the premises of another would usually create a license. The issue in this case, however, is not whether the contracts created a license, but whether the contracts are enforceable against an assignee of a licensor.

[6] The parol evidence rule forbids the use of extrinsic evidence to vary or contradict the terms of an integrated contract. *TIE Communications, Inc.* v. *Kopp,* 218 Conn. 281, 288, 589 A.2d 329 (1991). Such evidence may be admissible to explain ambiguities that exist in the contract. Id., 288–89.

Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990); *Pump Services Corp.* v. *Roberts,* 19 Conn. App. 213, 215, 561 A.2d 464 (1989). A trial court may open a civil judgment if a motion to open is filed within four months of the issuance of the judgment. General Statutes § 52-212a; Practice Book § 326. It is within a trial court's discretion to rule on a timely filed motion to open, and we will not disturb such a ruling unless the trial court acted unreasonably or abused its discretion. *Batory* v. *Bajor,* supra; *Pump Services Corp.* v. *Roberts,* supra. We will draw every reasonable presumption in favor of the trial court's action. *Pump Services Corp.* v. *Roberts,* supra.

Although the plaintiff timely filed a motion to open the judgment, the trial court concluded that the proffered evidence would not alter the outcome of the case. The introduction of parol evidence to prove that the contracts are leases would not change the result because we have concluded that the defendant is not bound by the contracts even if they are leases. Thus, we conclude the trial court did not abuse its discretion in denying the plaintiff's motion to open the judgment.

III

The plaintiff also claims that the defendant is bound by the contracts because he assumed them by accepting the benefits of the contracts after his purchase of the complexes. We conclude that the plaintiff cannot make this claim now because he did not plead or prove this claim in the complaint or at trial.

The plaintiff contends that the defendant became bound by the contracts because the defendant accepted payments from the plaintiff from the time of the defendant's purchase of the complexes to the time of

the defendant's disconnection of the machines. In essence, the plaintiff is asserting that the defendant's conduct created an implied contract.[7]

"A plaintiff's right to recover has traditionally been limited to the allegations of his complaint, and a plaintiff may not allege one cause of action and recover upon another." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 640, 626 A.2d 804 (1993), citing *Tedesco* v. *Stamford*, 215 Conn. 450, 458, 576 A.2d 1273 (1990), and *A. V. Giordano Co.* v. *American Diamond Exchange, Inc.*, 31 Conn. App. 163, 166, 623 A.2d 1048 (1993). Here, the plaintiff pleaded in the complaint and attempted to prove at trial that certain "leases" were breached. The plaintiff, therefore, alleged damages for breach of express contracts, but did not plead or attempt to prove an implied contract cause of action. Since the plaintiff alleged only one cause of action in the complaint and at trial, he cannot recover under another theory on appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] Under the theory of implied contract, the conduct of the parties can manifest an intent to create a contract. *Coelho* v. *Posi-Seal International, Inc.*, 208 Conn. 106, 111–12, 544 A.2d 170 (1988); *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School*, 202 Conn. 206, 211 n.2, 520 A.2d 217 (1987).