## CITY OF BRIDGEPORT *v.* 2284 CORPORATION, INC.
## (AC 20158)

Dranginis, Flynn and O'Connell, Js.

---

Argued February 28—officially released June 5, 2001

*Alexander H. Schwartz*, for the appellant (defendant).

*Russell D. Liskov*, associate city attorney, for the appellee (plaintiff).

*Opinion*

O'CONNELL, J. This is a summary process action in which the defendant appeals from the judgment of possession against it. The dispositive issue is whether the defendant should have been a defendant in the tax lien foreclosure action by which the plaintiff, the city of Bridgeport (city), acquired title.[1] We affirm the judgment of the trial court.

---

[1] In its brief, the defendant states the issues as follows: (1) "Since 2284 Corporation was not a defendant in the city's tax foreclosure action, its lease was not extinguished by the judgment in that action"; (2) "since 2284 Corporation had a property interest in its lease and was not a party to the city's foreclosure action, its lease survived strict foreclosure"; (3) "since the city had or should have had notice of the defendant's lease at the time it took title to the premises, it is bound by that actual or constructive knowledge and cannot therefore avoid the corporation's unrecorded lease"; and (4) because the city did not have legal title to the premises when the defendant received its lease, 2284 Corporation did not take possession

The following relevant facts are taken from a stipulation of the parties. In 1993, the defendant entered into a written lease and took possession as a tenant of 2288 and 2294 Fairfield Avenue in Bridgeport. The lease was not witnessed, notarized or recorded. In 1994, the city foreclosed tax liens on the property in an action in which the defendant was not named as an encumbrancer. The court rendered a judgment of strict foreclosure, and title vested in the city on October 15, 1998.

After obtaining title, the city commenced this summary process action against the defendant on the ground, inter alia, that the defendant had no right to possession of the property. By way of special defense, the defendant pleaded to the effect that the foreclosure judgment was not effective against it because it had not been made a party and, consequently, was not served with process in the foreclosure proceeding.[2]

The defendant argues that although its lease was not recorded on the land records, it was nevertheless entitled to be named as a defendant and given a law day. This argument ignores Practice Book § 10-69, which requires that "[a]*ll encumbrances of record*" be set forth in the complaint.[3] (Emphasis added.) We are not aware of any authority, nor has any been brought to our atten-

subject to the city's interest when it took possession. Therefore its lease survived strict foreclosure."

[2] In an attempt to name the defendant as a party during the foreclosure proceeding, the city moved to name Louis Pagliuco as a defendant, claiming that he individually had an interest in the property that would be affected by a judgment. Louis *M.* Pagliuco was a shareholder, officer and director of the defendant corporation, but the notice was served on a Louis *R.* Pagliuco, who had no interest in the corporation. In view of our analysis, this ineffective attempt to serve Pagliuco as a defendant is irrelevant.

[3] Practice Book § 10-69 provides in relevant part: "The complaint in all actions seeking the foreclosure of a mortgage or other lien upon real estate shall set forth, in addition to the other essentials of such complaint: *All encumbrances of record* upon the property both prior and subsequent to the encumbrance sought to be foreclosed . . . ." (Emphasis added.)

tion, that mandates naming unrecorded encumbrances[4] in a foreclosure complaint. While the city had the option of naming the defendant as a party in the foreclosure and then proceeding to obtain possession by way of ejectment, it was not required to follow that course. Instead, it could elect not to name the defendant, and then to proceed, as it did, to obtain possession by way of summary process. *Federal Home Loan Mortgage Corp.* v. *Van Sickle*, 52 Conn. App. 37, 42, 726 A.2d 600 (1999); D. Caron, Connecticut Foreclosures (3d Ed. 1997) pp. 244–45.

We decline to establish a rule that would require foreclosing plaintiffs to include all tenants as defendants in foreclosure actions. The ramifications of such a rule would be far reaching. For instance, it would impose a duty on foreclosing plaintiffs to conduct an investigation to learn who was occupying portions of the premises under unrecorded and perhaps unwritten leases. Because there is no privity between a foreclosing plaintiff and a defendant's tenants, we dare not predict the extent of cooperation and the accuracy of the information that such an investigation would produce. We hold that if a tenant's lease is not recorded, the tenant has no right to be part of the foreclosure action and, more specifically, is not entitled to a law day.

The defendant contends that General Statutes § 49-30 supports its position.[5] We do not agree. Section 49-30

---

[4] Query as to whether an unrecorded lease is even an encumbrance. In *Palmeri* v. *Allen*, 30 Conn. Sup. 56, 59, 299 A.2d 552 (1972), the Superior Court held that a recorded agreement did not constitute an encumbrance but constituted only a cloud on the title because it was not executed in accordance with the statute relating to conveyances of interest in real estate.

[5] General Statutes § 49-30 provides: "Omission of Parties in Foreclosure Actions. When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred and shall not retain any

establishes a procedure for foreclosing an encumbrance that is omitted in the original foreclosure. As used in § 49-30, the term encumbrance refers to recorded encumbrances. We are aware of no case law that suggests otherwise. Moreover, the tenor of § 49-30 makes it clear that it was intended to benefit the foreclosing party who, through mistake or oversight, omitted an encumbrance. It is not intended to be used as a sword by the omitted party.

The defendant's reliance on *Federal Deposit Ins. Corp.* v. *Bombero*, 37 Conn. App. 764, 769, 657 A.2d 668 (1995), appeal dismissed, 236 Conn. 744, 674 A.2d 1324 (1996), is misplaced. In *Bombero*, we held that "[t]he purpose of § 49-30 is to provide for a cure in the event that a *party* is omitted from foreclosure proceedings. This purpose is unambiguously apparent from the statutory language and its delineation of the methods of curing the omission by deed or foreclosure or other legal proceedings." (Emphasis added; internal quotation marks omitted.) Id. The fallacy in the defendant's reasoning is that it assumes that the defendant is a party that holds an encumbrance on the property. As we concluded earlier in this opinion, the defendant's unrecorded lease does not constitute an encumbrance and, thus, there is no omission that needs curing.

On the basis of the foregoing, we conclude that the defendant was not required to be made a party in the foreclosure action, and the city's foreclosure of its tax liens extinguished the defendant's lease. See *Federal Home Loan Mortgage Corp.* v. *Van Sickle*, supra, 52 Conn. App. 41–42.

---

equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title."

## II

Even if the defendant could persuade us that foreclosure procedure entitled it to a law day, it cannot survive General Statutes § 47-19, which provides that a lease for more than one year will be ineffectual against anyone other than the lessor and lessee "unless it is in writing, executed, attested, acknowledged and recorded in the same manner as a deed of land . . . ."[6] The lease in the present case was not witnessed, acknowledged or recorded.

The defendant argues that because the city knew or should have known of its lease, § 47-19 does not apply and that under some circumstances an unrecorded lease has been held to bind a third party who had actual notice of the existence of the lease. See *Drazen Properties Ltd. Partnership* v. *E. F. Mahon, Inc.*, 19 Conn. App. 471, 562 A.2d 1142 (1989). There are two fallacies to this argument as applied here. First, the cases on which the defendant relies concern bona fide purchasers for value. See id., 477. A bona fide purchaser is a buyer who pays full and fair price for property without notice that another person has an interest in that property. Id. A city that forecloses a tax lien does not meet that definition. Second, the defendant does not cite authority as to who, when dealing with a city, the public official is who would be charged with notice of the lease. Would it be the tax collector, the assessor, the city attorney, any individual councilman, the entire city council or some other municipal functionary?

---

[6] General Statutes § 47-19 provides in relevant part: "No lease of any building, land or tenement . . . for any term exceeding one year or which provides for the renewal thereof or an option to purchase such . . . tenement, shall be effectual against any persons other than the lessor and lessee and their respective heirs, successors, administrators and executors, *unless it is in writing, executed, attested, acknowledged and recorded in the same manner as a deed of land* . . . ." (Emphasis added.)

We conclude that the defendant's unrecorded and defectively executed lease gave it no rights in the foreclosure.

The judgment is affirmed.

In this opinion the other judges concurred.