[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, American Business Credit, Inc., has brought this action under Conn. Gen. Stat. § 49-30 against the defendant Joseph Cancellaro, Jr., to foreclose his encumbrance on real property at 1407 North Main Street, Waterbury, CT. The plaintiff moves for summary judgment on the grounds that there is no genuine issue as to any material fact, so that the plaintiff is entitled to judgment as a matter of law. Conn. P.B. § 17-49. The defendant opposes summary judgment.
 FACTS
This is neither the first nor the only relevant civil action involving the property at 1407 North Main Street. On September 28, 1999, Frank Mancini, the owner of 1407 North Main Street, mortgaged the property to the plaintiff American Business Credit, Inc., ("ABC"), to secure a $45,000 note. On February 22, 2000, Mancini executed another note, this one unsecured, for $19,200 to Joseph Cancellaro, Jr. On August 27, 2000, the plaintiff ABC declared the $45,000 note and mortgage in default, but did not immediately commence a foreclosure action. Meanwhile on December 11, 2000, Joseph Cancellaro, alleging that his unsecured note from Mancini was in default, filed for and obtained a prejudgment remedy in the amount of $25,000, CV 00 0162328. On December 27, 2000, Cancellaro recorded the attachment on the Waterbury land records and contemporaneously served Mancini with process commencing suit to collect on the note.
On April 5, 2001, the plaintiff ABC commenced its foreclosure action, CV 01 0164595, ("the first foreclosure") naming as defendants Frank Mancini and certain holders of subsequent encumbrances. However, ABC omitted naming Cancellaro as a party. Cancellaro was neither named as a party nor served with notice of ABC's foreclosure action. Also not named was the holder of a note and mortgage prior to that of ABC, a note and mortgage that had been executed by Mancini in 1990 to secure $65,000. The CT Page 3187 prior mortgage was originally executed in favor of Security Savings and Loan Association, and eventually assigned to Liberty Savings Bank.
The first foreclosure was heard by the court (Holzberg, J.) on July 2, 2001. The court found that the plaintiff ABC's debt associated with the property was $68,291.53, exclusive of certain costs, and that the fair market value of the property was $72,000. The court ordered a strict foreclosure, with the first law day set as July 24, 2001. When Mancini and other defendants did not redeem, title passed to the plaintiff ABC, subject to the earlier encumbrance to Liberty. There is no evidence that the defendant Joseph Cancellaro at that time had any notice of the first foreclosure action. After title vested absolutely in ABC, ABC quitclaimed the property on August 1, 2001 to an entity called Tiger Relocation Company, which took possession of the property.
At some point the omission of Cancellaro as a party in the first foreclosure action became apparent. On March 19, 2002, ABC commenced this action ("the second foreclosure") against Cancellaro under Conn. Gen. Stat. § 49-30 to cure the cloud on the title. While the instant action was pending, the prior mortgagee Liberty Savings Bank commenced a foreclosure action ("the third foreclosure"), claiming it was due in excess of $25,000 because the 1990 Mancini note was in default, and naming Frank Mancini, Joseph Cancellaro, and others as defendants. The third foreclosure action remains pending at this time, as does the lawsuit against Mancini in which Cancellaro obtained the prejudgment remedy that provides the basis for Cancellaro's attachment on the North Main Street property.
 LAW
In this action the plaintiff ABC moves for summary judgment. The plaintiff claims that the defendant should be summarily foreclosed under the provisions of Conn. Gen. Stat. § 49-30.
That statute provides as follows:
When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, . . . such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the CT Page 3188 party or parties thus not foreclosed, or their respective successors in title.
In its papers in support of summary judgment, the plaintiff has included the affidavit of Janet Burke, a title searcher, describing the circumstances under which a previous title search failed to reveal Cancellaro's encumbrance. The plaintiff also refers to the pleadings and findings in the related court actions in support of its contention that it is entitled to judgment as a matter of law.
The defendant opposes summary judgment. The three reasons stated by the defendant are that 1) there is now sufficient equity in the property such that the defendant's encumbrance should not be foreclosed; 2) the plaintiff has no standing to bring this action because the plaintiff no longer has title to the property; and 3) the Burke affidavit fails to be based on personal knowledge so that the affidavit is legally insufficient to support summary judgment. The defendant's objections to summary judgment are without merit.
The defendant's first objection is based on his assertion that the instant action — the second foreclosure — is one in which the court must weigh all the equities for all of the parties in determining the appropriate remedy for the plaintiff. Although the remedy sought by the plaintiff is a foreclosure of the defendant's encumbrance, the instant action is not a typical foreclosure case. "The purpose of §49-30 is to provide a cure in the event that a party is omitted from foreclosure proceedings. This purpose is unambiguously apparent from the statutory language and its delineation of the methods of curing the omission `by deed or foreclosure or other legal proceedings.'" FederalDeposit Insurance Corporation v. Bombero, 37 Conn. App. 764, 769,657 A.2d 1324 (1996).
An action under Conn. Gen. Stat. § 49-30 is essentially one to quiet title. The mechanism to do so can take the form of a foreclosure action, but the substantive considerations for the court are only to determine whether the party "owning any interest in or holding an encumbrance on the real estate subsequent or subordinate to such [foreclosed] mortgage or lien has been omitted or has not been foreclosed because of improper service of process or for any other reason . . . Conn. Gen. Stat. § 49-30. The task of the court is a narrow one, and essentially consists of examining the record or taking evidence to answer two questions: 1) Was there an omitted party, and, if so, 2) under the circumstances of the first foreclosure, would that party's interest or encumbrance have been foreclosed in the original action? Those being the only relevant considerations, the current state of the real property its CT Page 3189 ownership, its value, its other encumbrances — are not material to such a determination.
With this narrow and remedial purpose in mind, the court turns to the defendant's objections to summary judgment. First, the current ability of the property, if sold, to yield proceeds out of which to secure the defendant's encumbrance is immaterial. The question is whether the property would have yielded any security or any proceeds for the defendant in the first foreclosure. An examination of the court's findings in first foreclosure indicates that there would have been no such security or proceeds available to the defendant. The finding of the court in the first foreclosure was that the fair market value of the property was $72,000, and that the plaintiff's debt was $68,291.53, exclusive of further interest and costs. The court ordered a title search fee of $150 (which this litigation makes apparent that the plaintiff failed to utilize) and awarded a fee to the appraiser of $700 (the property is commercial in nature). The court prudently ordered a strict foreclosure rather than a more expensive foreclosure by sale. The position of the defendant Cancellaro was subordinate to that of the plaintiff ABC and that of Liberty Savings Bank. In such a position, the defendant's encumbrance was worthless. See, id. This court finds that the defendant would not have paid ABC over $69,000 to secure its own position of $25,000 on the property, especially given that the Liberty Savings Bank mortgage would still have preceded it.
Second, the defendant argues that the plaintiff ABC lacks standing to bring this action because it no longer has title to the property. The plain language of the statute confers standing to bring a § 49-30
action on "the party acquiring such foreclosure title, or his successor in title . . ." Either ABC or Tiger Relocation Company has standing to bring this action.
Third, the affidavit of Janet Burke, a title searcher employed by the plaintiff's law firm, is competent evidence to support summary judgment. It attests to the only other fact necessary to the proper determination of the disposition of this matter — that the defendant had recorded an encumbrance next in line behind the plaintiff and was omitted as a party in the first foreclosure. The reasons for the omission of the defendant are not relevant to the current case. Moreover, the defendant, in his memorandum of law in opposition to summary judgment, admits that he was an omitted party. Defendant's Memorandum, p. 1.
 CONCLUSION
Conn. Gen. Stat. § 49-30 was intended to benefit a foreclosing CT Page 3190 party who omitted an encumbrance. "It was not intended to be used as a sword by the omitted party." Bridgeport v. 2284 Corporation,Inc., 63 Conn. App. 624, 628 (2001).
In the instant case, there are no material facts in dispute. The defendant was an omitted party that would not have redeemed the equity in the first foreclosure. The plaintiff has properly maintained this action and is entitled to summary judgment.
Patty Jenkins Pittman, Judge CT Page 3191