IRVING FELTMAN, ASSIGNEE *v.* FLORENCE M. COMPTON.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided November 26, 1940.

*George H. Cohen,* with whom was *Samuel Caplan* of the New York bar, and, on the brief, *Naaman Cohen,* for the appellant (plaintiff).

*Edward L. Reynolds,* with whom was *A. Robert Levett,* for the appellee (defendant).

BROWN, J. On September 10, 1932, the defendant gave a written lease of a store in her building in Albany, New York, to Louis Goldberg for five years

commencing October 1, 1932, and he took possession. The lease provided that $1000 should be paid by the tenant to the defendant upon its execution and $1500 additional by monthly instalments, to "be held by the landlord as security for the full and faithful performance of all the covenants" on the tenant's part, and to be returned at the expiration of the term if the tenant fully and faithfully performed. On September 12, 1932, Goldberg deposited $1000 with the defendant under this provision. The lease provided that Goldberg might assign it to a New York corporation, a majority of the stock of which should be owned by him. It further provided that the premises were to be used as a cafeteria and bakery; that the rent was to be 8 per cent of the gross receipts for each month as determined by the total receipts recorded by cash registers which the tenant covenanted to maintain; and that the tenant should install an adequate ventilating system to carry off all smoke and cooking odors incident to the business of the cafeteria.

From the pleadings and the finding, which is not subject to correction in these respects, the following facts appear. The Holsum Dairy Company, Inc., hereinafter called the Company, was incorporated on September 15, 1932, but none of its stock was ever issued to Goldberg and he never owned a majority thereof. It took possession of the leased premises with the consent of Goldberg and of the defendant, and deposited with her $1500 of the $2500 deposit called for by the lease. The Company was not a party to the lease but was a subtenant of Goldberg, and no valid assignment of the lease or of any interest in the prescribed deposit was made by him to it. On June 20, 1934, the defendant brought a statutory proceeding in the City Court of Albany against Goldberg and the Company, seeking possession of the leased premises

for nonpayment of rent and judgment for $168.82 rent in arrears. On July 9, 1934, the City Court granted a final order therein awarding possession and the $168.82 asked by the defendant herein. Several days later the Company vacated the premises terminating the lease, and the defendant took possession. Pursuant to the debtor and creditor law of New York the Company made an assignment for the benefit of creditors on May 17, 1935, and by virtue of the ensuing proceedings the plaintiff was duly appointed, qualified and authorized as assignee to prosecute this action for the recovery of the $2500 deposit in the courts of Connecticut.

The plaintiff as assignee for the benefit of the creditors of the Company, relying upon a claimed acceptance of the Company as a tenant by the defendant and a claimed assignment by Goldberg of his rights to the deposit, brought this action to recover of the defendant the $2500. The controlling conclusions reached by the court are that: The Company was not a party to the lease (stated as a fact found); no assignment of the lease was in fact ever made to the Company; no assignment of the deposit or of any portion thereof was ever made to the Company; the plaintiff has no standing in court in an action upon the lease; and the plaintiff has no greater right to sue for the deposit or on the lease, than the Company is proved to have. Its further conclusions are not essentially involved in the determination of this appeal, for if the finding warrants those just recited the plaintiff cannot prevail. Since the plaintiff sues as assignee in insolvency of the Company, admittedly he has no greater right to sue than it had, and his right of recovery is restricted to the rights which existed in it. Accordingly unless the Company had succeeded to Goldberg's rights under the lease and to the $2500

deposit made with the defendant thereunder, either by assignment or by the defendant's acceptance of it as tenant in the place of Goldberg, the plaintiff is not entitled to recover in this action. The question determinative of this appeal is whether the court was warranted in finding that neither of these facts was established.

Goldberg testified that about October 7, 1932, he made a written assignment of the lease specifically assigning his right in the $2500 fund to the Company but that he was unable to produce it because it was lost. He further testified that from and after this assignment the Company ran the business and paid the rent. The court did not credit this testimony of an assignment as appears by its finding as well as from these words in its memorandum of decision: "No such written instrument is presented in evidence, nor are there produced reasons satisfactory to the court for the failure to produce such written instrument or evidence that satisfies the court as to the contents of such missing written instrument." It was within its province to believe or disbelieve this testimony, and its finding that there was no assignment cannot be disturbed.

The plaintiff claims, however, that even if there was no formal assignment of the lease, the defendant recognized the Company as in effect an assignee, and at least as to the sum of $1500 paid by it, it was entitled to recover. Whether she did recognize the Company as such assignee, or merely consented to the occupancy of the premises by it under Goldberg, was a question of fact and its determination thereof on this record must stand. The facts that the Company paid to the defendant money on account of the balance of the deposit under the lease and rent due under it and that it was a joint defendant with Goldberg in the proceedings brought by the defendant to terminate the lease

for nonpayment of rent, do not necessarily militate against the conclusion reached by the court upon either of these questions. In so far as the assignment is concerned, it was entitled to find as it did, that the Company occupied the premises merely by consent of Goldberg rather than as assignee of the lease. This is entirely in keeping with his reservation to himself of any existing right to recover the deposit which an effective assignment would have transferred to the Company [Restatement, 1 Contracts, § 150 (1)], particularly since he was not financially interested in it as owner of any of its stock. In so far as the defendant's acceptance of the Company as tenant is concerned, payment of the $1500 by it could as well have been as Goldberg's agent as on its own behalf, and in a summary proceeding to recover possession of the premises the defendant was entitled to join both Goldberg as the tenant and the Company as an undertenant. Cahill, New York Civil Practice (7th Ed.) § 1410.

The conclusions of the court, in which we cannot find error, that there was neither an assignment of the lease nor of any interest in the $2500 deposit thereunder, and that the defendant did not accept the Company as tenant are controlling, and render it unnecessary to consider the further questions of law raised by the plaintiff upon this appeal. Although not essential to our decision, we do observe that the result reached appears to accord with that which should be reached upon the merits. In studying the record incident to claimed corrections of the finding, we note that there was evidence apparently credible and so regarded by the court, indicating that Goldberg's failure for a period of months to use cash registers to provide the basis as agreed for determining the monthly rental he was to pay, and his further failure to install the "adequate ventilating system" contracted for, to the an-

noyance and discomfort of the defendant's tenants occupying the fifteen apartments located above the store, very likely did cause damage to the defendant "substantially greater than the amount sought to be recovered" as concluded by the court. The undisputed fact that no request for the repayment of the deposit was made by anyone prior to the bringing of this action by the assignee, more than four years after possession under the lease was surrendered to the defendant, affords further corroboration.

There is no error.

In this opinion the other judges concurred.