## BOBHIC ASSOCIATES LIMITED PARTNERSHIP *v.* CARRABBA OB-GYN ASSOCIATES, INC., ET AL. (15812)

Dupont, Lavery and Landau, Js.

Submitted on briefs December 18, 1996—officially released April 15, 1997

*Kent D. Mawhinney* filed a brief for the appellant (plaintiff).

*John H. Grasso* filed a brief for the appellees (defendants).

LAVERY, J. The plaintiff, Bobhic Associates (Bobhic), appeals from the judgment of the trial court in favor of the defendants in an action for breach of a lease. The principal issue in this appeal is whether the trial court correctly found that the plaintiff's case was fatally flawed because the plaintiff failed to present any evidence of an assignment of the lease. We disagree with the ruling of the trial court. The judgment is reversed and the case is remanded for a new trial.

The trial court found the following facts. On February 1, 1990, the defendant Carrabba Ob-Gyn Associates, Inc. (Carrabba Ob-Gyn), entered into a five year lease for an office at 701 Cottage Grove Road, Bloomfield, with the Cottage Grove Development Corporation. On May 3, 1990, the defendant Angelo Carrabba signed the lease in his capacity as an officer of Carrabba Ob-Gyn. On May 5, 1990, Carrabba signed a guarantee that guaranteed the obligations of Carrabba Ob-Gyn under the lease. On August 21, 1990, Daniel R. Oulette signed the lease on behalf of Cottage Grove Development Corporation.

On November 22, 1990, Cottage Grove Development Corporation, through its vice president Daniel R. Oulette, executed a warranty deed conveying the Cottage Grove Road property to Bobhic Associates Limited Partnership. Carrabba Ob-Gyn occupied the Cottage Grove Road property until it vacated the premises in October 1992. The trial court concluded that "the lease between the parties ran from February, 1990, through January, 1995. The defendants vacated in October 1992."

The relevant procedural history is as follows. Bobhic, through a three count complaint, sought damages[1] alleging that the defendants breached a lease, a guarantee of lease and a promissory note. At trial, the warranty deed conveying the Cottage Grove Road property from Cottage Grove Development Corporation to Bobhic was admitted into evidence. The lease entered into by Cottage Grove Development Corporation and the defendants was also admitted into evidence. A promissory note, however, that listed Angelo S. Carrabba as the maker and Bobhic as the payee, which was the subject of the third count of the complaint, was not admitted into evidence for lack of foundation.

---

[1] The plaintiff sought over $151,000 in back rent, late fees and interest from the defendant.

In its memorandum of decision, the trial court found that the plaintiff failed to meet its burden of proof as to counts one and two of its complaint.[2] The trial court also found that since the promissory note was not admitted into evidence, the plaintiff failed to meet its burden on count three.[3]

After issuing its memorandum of decision, the trial court addressed the plaintiff's motion for articulation concerning the elements of its case on which it had failed to meet its burden of proof. In its response to the plaintiff's motion for articulation, the trial court stated: "The plaintiff failed to prove the assignment alleged in the last sentence of this paragraph.[4] That failure is fatal to its cause of action."

"Our role in reviewing an appeal based on the sufficiency of the evidence is well defined. Where the claim is that the evidence produced did not satisfy the burden of proof factually, the duty of an appellate court is well established. An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . . Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous in law. . . . It is, however, not our function to retry

---

[2] The first two counts pertain to the lease and guarantee.

[3] The plaintiff's claim as to the promissory note is not raised in this appeal.

[4] The trial court is referring to the third paragraph of the first count of the plaintiff's complaint. That paragraph states: "Cottage Grove Development Corporation, as Lessor, and Defendant, Carrabba OB-Gyn Associates, Inc., as lessee, executed a lease agreement as of February 1, 1990 ('the lease') for office space at 701 Cottage Grove Road, Bloomfield, Connecticut, for a term of five years ending January 31, 1995. Thereafter, title to 701 Cottage Grove Road was acquired by Plaintiff and said lease was assigned to plaintiff."

the case or to pass upon the credibility of witnesses. . . ." (Citations omitted; internal quotation marks omitted.) *Steiger* v. *J. S. Builders, Inc.*, 39 Conn. App. 32, 34, 663 A.2d 432 (1995).

Section 13.8 of the lease, which was admitted into evidence at trial, states: "Provisions binding, etc.: Except as herein otherwise provided, the terms hereof shall be binding upon and inure to the benefit of the *successor* and *assigns*, respectively, of Landlord and Tenant . . . ." (Emphasis added.) This court has held "a successor, as applied to realty, is one who takes by will or inheritance, rather than by deed, grant, gift, purchase or contract. In contrast, a successor in interest is 'one who follows another in ownership or control of property' . . . and does not exclude those who take by deed, grant, gift, purchase or contract." (Citation omitted.) *Drazen Properties Ltd. Partnership* v. *E. F. Mahon, Inc.*, 19 Conn. App. 471, 475, 562 A.2d 1142 (1989). In the present case, Bobhic is not a successor but a successor in interest, because it gained title to the property by deed.

Bobhic, however, is still entitled to the rent from the leased premises because there is ample support in Connecticut law for the proposition that the conveyance of property itself constitutes an assignment of the property and the rights that run with it. In *Stiefel* v. *Lindemann*, 33 Conn. App. 799, 806, 638 A.2d 642, cert. denied, 229 Conn. 914, 642 A.2d 1211 (1994), this court stated: "It is well established that where the reservation creating an easement does not mention the heirs and assigns of the grantee, a presumption exists that the grantor and grantee intended the right-of-way to be in gross."[5] The implication of this statement is that where

[5] At issue in *Stiefel* v. *Lindemann*, supra, 33 Conn. App. 799, was whether an easement was an easement appurtenant, which runs with the land and inures to the benefit of all future owners, or an easement in gross, which is personal to grantees of the particular deed in which the easement is first described.

the reservation mentions heirs and assigns, the easement runs with the land. Since the term heirs refers only to persons who inherit, if the easement is to inure to the benefit of persons who take by deed, those persons must be encompassed within the meaning of assigns.

Additionally, Black's Law Dictionary states that the term assigns "generally comprehends all those who take either immediately or remotely from or under the assignor, *whether by conveyance*, devise, descent or act of law." (Emphasis added.) In *Sagal* v. *Mann*, 89 Conn. 576, 581–82, 95 A. 6 (1915), our Supreme Court held that "[t]he rent due for the use of the premises was an incident to the reversion[6] and was carried with it. The plaintiff, by force of the conveyance of the property to him by [the original landlord], had the right to recover in his own name all rent which became due and payable subsequent to the conveyance of the property to him. The defendant, by payment of rent to the plaintiff under the terms of the lease, recognized the plaintiff's title. This right of a lessor to recover rent of the assignee of the lease is founded, not on contract, *but on privity of estate*. It is a general proposition, which has but few exceptions, that the transfer of a reversion carries with it the rent due and accruing thereafter by the lease creating the term, whether the assignment be by deed or mortgage." (Emphasis added.)

In the present case, the benefits and the obligations set forth in the lease pertained to both Bobhic and Carrabba because Bobhic was an assignee by law and was in privity of estate with Cottage Grove Development Corporation, who is the original landlord. The trial court, however, relied on *Feltman* v. *Compton*, 127 Conn. 302, 16 A.2d 571 (1940), for the proposition that

---

[6] Reversion is the technical name for the interest obtained when one purchases a landlord's interest in real property.

absent an assignment a lease cannot be enforced. That case is easily distinguished from the present case. *Feltman* held that if a tenant does not assign the lease to a person who occupies the premises as a subtenant, the subtenant acquires no rights under the lease. *Feltman* concerns neither the sale of leased property nor the enforcement of the lease by a landlord or anyone claiming under a landlord. In the present case, however, there was a sale of the leased property to a party who is trying to enforce lease provisions on the original tenant. Furthermore, *Feltman*, unlike the present case, does not concern the issue of whether a purchaser of leased land may enforce the lease.

In light of the uncontroverted evidence, we find that the trial court's finding that the plaintiff did not sustain its burden of proof because it failed to prove an assignment is improper.

The judgment for the defendants on counts one and two is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.