[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action is a tax assessment appeal challenging the assessor's valuation of property known as 5 Constitution Plaza in the city of Hartford. This tax appeal covers the years October 1, 1994 through October 1, 1996.
The assessor for the city of Hartford conducted a revaluation of all real property in the city for the grand list of October 1, 1989. At the time of the revaluation, the subject property was being operated as a hotel. At this time, the property was owned by Colonial Constitution East Limited Partnership (CCE). The assessor valued the subject property on October 1, 1989, at $14,035,000. CCE appealed the valuation to the Hartford board of tax review. The board denied CCE's appeal, and CCE appealed the board's denial to the Superior Court pursuant to General Statutes § 12-117a.
Summit Hotel Investors Limited Company (Hotel) held a mortgage on the subject property. During CCE's pending tax appeal, Hotel commenced a foreclosure proceeding against CCE and was assigned the right to contest the assessed tax by CCE. Hotel was substituted as the plaintiff in the appeal. In that appeal, Hotel and the city filed a stipulation for judgment settling the case, in which Hotel and the city agreed that the fair market value of the subject property would be as follows:
Year Fair Market Value
CT Page 10318
 1989 $11,000,000 1990 $10,000,000 1991 $10,000,000 1992 $10,000,000 1993 $11,000,000
Judgment was entered in accordance with the stipulation on May 28, 1993. Hotel foreclosed its mortgage with CCE and became the holder of title to the property. On March 1, 1995, Hotel conveyed title by quit claim deed to the plaintiff, Maharishi School, for $1,500,000.
The city filed an answer and special defense claiming that the plaintiff's complaint is barred by the doctrines of res judicata and collateral estoppel because the issue of the value of the plaintiff's property was previously established in the earlier appeal, Colonial Constitution East Ltd. Partnership v. Hartford,
judicial district of Hartford/New Britain at Hartford, Docket No. CV90 0379758. The city now moves for summary judgment on the plaintiff's complaint based upon its special defense.
In response to the motion for summary judgment the plaintiff raises three issues in this appeal. The first issue is whether the plaintiff, as a subsequent owner not involved in the prior litigation, is bound by any stipulation previously agreed to by the prior owner and the city. The second issue raised by the plaintiff is that there is a substantial change in the use of the property from that of a hotel. The plaintiff claims that this change of use supports the plaintiff's purchase of the property at a value of $1,500,000 rather than the valuation of the city at $10,000,000. The third and final issue raised by the plaintiff is that the plaintiff is entitled, in any event, to an interim valuation based upon a change in market conditions, citing Bishop Court LLC v.Groton Town Board of Tax Review, 17 CONN. L. RPTR. 309 (July 3, 1996) (Austin, J.).
Following Uniroyal Inc. v. Board of Tax Review, 182 Conn. 619,438 A.2d 782 (1981) (Uniroyal II), we have consistently held that the doctrine of collateral estoppel bars a property owner from challenging an assessment where the value of the property was determined in a prior tax appeal related to the same decennial revaluation year. JMB Realty Corp. v. City of Hartford, 17 CONN. L. RPTR. 217 (June 14, 1996) (Aronson, J.); Konover v. City ofHartford, judicial district of Hartford/New Britain at Hartford, Docket No. CV94-0537680 (June 7, 1996) (Aronson, J.); Great MeadowCT Page 10319Associates Ltd. Partnership v. Town of Rocky Hill, judicial district of Hartford/New Britain at Hartford, Docket No. CV94-0537058 (November 22, 1995) (Aronson, J.), aff'd, 43 Conn. App. 916,684 A.2d 1226 (1996) (per curiam).
We previously held in Great Meadow Associates, that "[c]ollateral estoppel prohibits the relitigation of an issue of fact or law that `was actually litigated and determined by a valid and final judgment.' when `the determination is essential to the judgment.'" Great Meadow Associates Ltd. Partnership v. Town ofRocky Hill, supra, p. 3, quoting Crochiere v. Board of Education,227 Conn. 333, 343, 630 A.2d 1027 (1993). "To invoke the doctrine of collateral estoppel, the issues sought to be litigated in the new proceedings must be identical to those considered in the prior proceeding." Great Meadow Associates Ltd. Partnership v. Town ofRocky Hill, supra, citing Aetna Casualty and Surety Co. v. Jones,220 Conn. 285, 596 A.2d 414 (1991).
In the present action, CCE appealed the $14,035,000 valuation placed on the subject property by the assessor on the grand list of October 1, 1989. This appeal was resolved with a stipulation setting the valuation of the property on the list of October 1, 1989 at $11,000,000. The stipulation provided further relief to the taxpayer by reducing the valuation on the lists of 1990, 1991 and 1992 to $10,000,000. The stipulation recited that in 1993, the valuation of the property would revert back to the $11,000,000 which was the valuation agreed to for 1989. The stipulation was entered as a judgment of the court. (Defendant's exhibit 1.) A stipulated judgment "is as conclusive as if it had been rendered upon controverted facts." Connecticut Water Co. v. Beausoleil,204 Conn. 38, 48, 526 A.2d 1329 (1987). A litigant cannot contest the valuation placed upon his or her property during a revaluation year, and then contest the validity of the assessment each year thereafter until the next revaluation. Uniroyal, Inc. v. Board ofTax Review, supra, 182 Conn. 634.
The plaintiff argues that it is not collaterally estopped from litigating the issue of valuation because it was not a party in the original appeal and lacks privity with any party to the prior stipulation. As a mortgagee, Hotel had a fee interest in the subject property giving it privity of estate with the owner. SeeBristol Lumber Co. v. Dery, 114 Conn. 88, 91-92, 157 A. 640 (1931). In the present case, Hotel foreclosed its mortgage from CCE and obtained title to the premises. As part of the foreclosure proceedings, Hotel took, by way of assignment, CCE's interest in CT Page 10320 the tax appeal challenging the valuation on October 1, 1989. Although it is true that the plaintiff was not a party to the stipulated judgment entered into by Hotel and the city when the plaintiff acquired title to the subject premises, it became successor to the interest of the former owner. Drazen PropertiesLimited Partnership v. Mahon, 19 Conn. App. 471, 475, 562 A.2d 1142
(1989). A party who takes title to real estate is a successor in interest and takes an assignment of that property and all of the rights that run with it. Bobhic Assoc. Ltd. v. Carrabba OB-GynAssoc., 44 Conn. App. 719, 722, 692 A.2d 826 (1997). The stipulation between the plaintiff's predecessor in title and the city recited that Hotel was settling all matters related to the payment of real estate taxes occurring before and after the date of the stipulation. Pursuant to Uniroyal II, supra, 182 Conn. 633-34, the property value of $11,000,000 for 1993 set by the stipulation remains the value of the property until the next scheduled revaluation. See General Statutes § 12-62. We conclude that the plaintiff, as a successor in interest to Hotel, is in privity with the Hotel, purchased the property with knowledge of the tax on the property, and is therefore bound by the valuation as stipulated by Hotel and the city.
The second issue raised by the plaintiff is that it is entitled to an interim revaluation because of a change in use of the property. The subject property, at the time of revaluation in 1989, was being operated as a hotel. However, at the time the stipulated judgment was entered into, the property was not being used as a hotel. The property has also not been operated as a hotel since it was acquired by the plaintiff. In fact, the property has been boarded up since the plaintiff's purchase in 1995. The plaintiff cites Ralston Purina in support of its claim that the property should be revalued based on a change of use.Ralston Purina v. Board of Tax Review, 203 Conn. 425, 435-36,525 A.2d 91 (1971).
We return to the question of whether in Ralston Purina our Supreme Court introduced a judicial exception to the rule that assessors need not conduct an interim revaluation because of a change in use. This question came about when the court in RalstonPurina recited the concession of the defendant town in that case.Ralston Purina v. Board of Tax Review, supra, 203 Conn. 435-36. The court in Pauker v. Roig referred to this express language when it said, "[t]he taxpayers cite several cases in which we held accordingly, that assessors need not undertake an interim revaluation on the ground of market fluctuations, at least in the CT Page 10321 absence of a showing of the destruction or expansion of the property, a substantial change in its use or zoning classification, or a decision by the taxpayer to go out of business." Pauker v.Roig, 232 Conn. 335, 341-42, 654 A.2d 1233 (1995), citing RalstonPurina v. Board of Tax Review, supra, 435-39. Neither Pauker norRalston Purina specifically held that assessors are required to undertake an interim revaluation because of a change in use of the property.
An assessor's duty with respect to the assessment of property is to determine its fair market value periodically as required by the legislature. General Statutes §§ 12-62, 12-63. Once the fair market value is determined by the assessor, that valuation remains the same until the next statutorily mandated revaluation takes place, unless the assessor undertakes an interim revaluation. 84Century Limited Partnership v. Board of Tax Review, 207 Conn. 250,263, 541 A.2d 478 (1988); Pauker v. Roig, 232 Conn. 335, 343,654 A.2d 1233 (1995).
Although taxpayers cannot require an assessor to make an interim revaluation; Pauker v. Roig, supra, 232 Conn. 343; certain exceptions to this basic rule exist. Section 12-64a requires an interim assessment when property is damaged requiring complete demolition or total reconstruction. An interim assessment is also required for new construction under § 12-53a. Other than these two statutory exceptions, we find no authority requiring the assessor to undertake an interim revaluation of a taxpayer's property based solely on the change of use by the owner made between revaluation dates. Even these exceptions are not truly interim assessments since the appraiser is required to trend back the valuation of the addition or reconstruction to the last revaluation year. NewburyCommons Limited Partnership v. Stamford, 226 Conn. 92, 102,626 A.2d 1292 (1993). If every property owner could require the assessor to undertake an interim valuation every time there was a change of use affecting valuation, the resulting proliferation of interim valuations would strain the general concept that the assessor should not be required to undertake an interim valuation of property unless the circumstances come within the limited number of exceptions provided by the legislature. Cf. Uniroyal II,supra, 182 Conn. 629-30. This conclusion is reinforced by the legislature's reaction to the decision in 84 Century LimitedPartnership v. Board of Tax Review, supra, 207 Conn. 250, which provided for a judicial exception to interim valuations based on change of market conditions. In response to that decision, the legislature enacted Public Act 88-321 § 9 (1988), now § 12-63d, CT Page 10322 which eliminated this judicial exception. We conclude that the taxpayer's decision to change the use of the subject property is not an exception that requires an assessor to conduct an interim revaluation of the property.
We now turn to the last issue of whether the plaintiff is entitled to an interim valuation based upon change in market conditions. Section 12-63d, enacted in 1988, is dispositive of this issue. Section 12-63d provides that "[t]he assessor in any municipality may not, with respect to any parcel of real property in the assessment list for any assessment year, make a change in the assessed value of such parcel, as compared to the immediately preceding assessment list, solely on the basis of the sale price of such parcel in any sale or transfer of such parcel."
Accordingly, the defendant's motion for summary judgment is granted. The plaintiff's appeal is dismissed, without costs to either party.
Arnold W. Aronson, J. Judge Trial Referee