[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant City of Waterbury seeks summary judgment on its defense of collateral estoppel in the above-captioned appeal from a real estate tax assessment. The plaintiff, Naugatuck Valley Associates, claims in its amended complaint that its property, known as the Naugatuck Valley Mall and located at 920-5 Wolcott Street in Waterbury, was assessed in excess of its value with regard to taxes assessed on properties on the Waterbury Grand List on October 1, 1994, October 1, 1995, and October 1, 1996. Its appeal was commenced on May 26, 1996.
The defendant City claims that the plaintiff is estopped from contesting the evaluations at issue because they are based on the same decennial valuation that was the subject of a prior appeal, Naugatuck Valley Associates v. Board of Tax Review, Docket No. CV79-0048915S (J. D. of Waterbury 6/23/83, Reilly, J.) ("the 1979 tax appeal").
Neither party requested oral argument either by so designating on the motion or otherwise. Accordingly, the court considers oral argument to have been waived. The issues have been fully briefed by the parties. CT Page 615
Standard of review
Summary judgment is to be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. It is well settled that a party seeking summary judgement has the burden of showing what the undisputed facts are and that the facts entitle the movant to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805-806 (1996); Miller v. United Technologies Corp., 233 Conn. 732, 751-52 (1995); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980). The Connecticut Supreme Court has observed that the issue is whether the movant would be entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Doty v. Mucci, supra, 238 Conn. 805.
Estoppel
The essence of the defendant's argument is that a landowner that has obtained an adjudication in an appeal of a municipal real estate assessment may not relitigate in a later year an assessment based on the same decennial valuation. The plaintiff concedes that it brought a tax appeal in 1979 and does not contest the defendant's showing that it amended that appeal to add appeals for the tax assessments of 1980, 1981 and 1982. The defendant claims, however, that it is not estopped because the decision in the 1979 appeal was confined to assessments made on the basis of a 1965 decennial revaluation and did not concern the same decennial valuation as was the basis of the 1994-96 assessments.
In the appeal before this court, the plaintiff has not included in the allegations of its complaint a statement that it is appealing from an assessment based on any particular decennial revaluation; rather, it simply asserts that its property was overvalued on the Grand Lists for each of the specified years.
The plaintiff has not, in its brief, contested the principle, relied on by the defendant in its brief in support of its motion for summary judgment, that a property owner may not challenge a CT Page 616 valuation where the value of the property was determined in a prior tax appeal related to the same decennial revaluation but is estopped by the judicial finding of value for that decennial valuation from challenging subsequent tax bills based on the same decennial valuation. That principle was stated by the Connecticut Supreme Court in Uniroyal, Inc. v. Board of Tax Review,182 Conn. 619, 633-34 (1981) and has been reiterated by trial courts in more recent tax appeals. See JMB Realty Corp. v. City of Hartford, 17 Conn. L. Rptr. 217 (6/17/96); Maharishi School v. City of Hartford, 20 Conn. L. Rptr. 568 (1/12/98).
The issue presented is not the issue raised in Jupiter Realty Co. v. Board of Tax Review, 242 Conn. 363 (1997). In that case, the Supreme Court held that a property owner that had not previously challenge a tax assessment at the time of the decennial revaluation could do so in any year in which taxes were imposed on the basis of that valuation, and was not required to appeal the valuation on the first occasion that it was used as the basis for a tax assessment. The holding in Jupiter does not alter the general rule that a party that has already obtained an adjudication on the issue of the fairness of a particular decennial assessment cannot obtain another court adjudication on that same issue simply because the contested valuation had been used again as a basis for assessment of taxes in a subsequent year.
The plaintiff claims that it is free to appeal the tax assessments of 1994-96 because its 1979 tax appeal did not include a determination of the correct valuation for the revaluation that was the basis for tax assessments on the October 1 Grand Lists of 1980 and subsequent years, including 1994-96. The plaintiff asserts that the court in that appeal decided only the accuracy of the 1965 revaluation.
Examination of the ruling issued by Judge Reilly in the 1979 appeal does not bear out the plaintiff's claim that the court in that case did not review the valuation now referred to by both parties as the 1980 decennial revaluation. The plaintiff had amended its 1979 appeal in 1983 to contest, in counts six, seven and eight, the assessments made on the basis of the valuations on the October 1 Grand Lists of 1979, 1980 and 1981. Judge Reilly specifically found the fair market value of the property for each of those years and ordered the tax assessor and Board of Tax Review to correct the valuation of the property in accordance with his findings. The plaintiff has not claimed that it filed CT Page 617 any appeal from Judge Reilly's adjudication of the 1979 tax appeal.
There is no claim that any decennial revaluation of all property on the grand list has been completed by the City of Waterbury since the revaluation that was the basis for tax assessments in 1979, 1980 and 1981. The City has presented the affidavit of the former tax assessor, Michael Moriarity, who has stated that "although the last citywide revaluation of real property in Waterbury was scheduled to commence with the Grand List of October 1, 1979, revaluation was not actually implemented until October 1, 1980, the City having obtained an extension of time in which to implement its revaluation." The plaintiff has filed no affidavit or other submission disputing this representation, nor has it presented any submission to indicate that the 1994-96 assessments were made on the basis of a revaluation other than the one referred to by Mr. Moriarity. The plaintiff concedes at pages 1-2 of its brief in opposition to the defendant's motion for summary judgment that the valuation on which the 1994-1996 real estate taxes are calculated "was based on the 1980 Revaluation conducted by Waterbury."
Since the court's memorandum of decision in the 1979 tax appeal very clearly includes an adjudication of the actual value of the property at issue for the date of the same decennial valuation at issue in the case now before this court, the plaintiff is estopped from relitigating that issue, having already obtained a judgment on the same issue in 1983. There is no genuine dispute as to the material facts, which are the claims made in the amended 1979 tax appeal and the text of Judge Reilly's ruling on those claims.
Conclusion
The defendant's motion for summary judgment is granted.
Beverly J. Hodgson 1/7/99 Judge of the Superior Court