[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
This municipal tax appeal was filed from a denial of the board of tax review. The plaintiffs appeal, brought pursuant to General Statutes § 12-177a, contests the defendant's, the Board of Tax Review of the City of Waterbury, assessment of the commercial real property located at 1660 East Main Street, Waterbury, Connecticut. The plaintiff alleges that it acquired the property on April 30, 1996, but the property was last assessed on October 1, 1980. The defendant asserts that the property value was then reduced by a court approved stipulation in 1981 from 1.288 million dollars to 1.05 million dollars, and that the property has changed ownership twice since 1981. [Motion for Summary Judgment.] The plaintiff alleges that the total assessed value of the property at 1.05 million dollars is grossly excessive, and requests that the valuation be reduced by seventy percent of its true and actual value pursuant to General Statutes § 12-117a.
The defendant filed a special defense, asserting that the plaintiffs claim is barred under the doctrine of collateral estoppel. The defendant then filed a motion for summary judgment claiming that the prior stipulated judgment in 1981 as to the value of the property as of the assessment date October of 1980 is the basis of the collateral.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]." (Citations omitted; internal quotation marks omitted.) Dowling v. Finely Associates, Inc., 248 Conn. 364, 369-70,727 A.2d 1245 (1999). "The test to be applied would be whether a party is entitled to a directed verdict on the same facts . . ." (Citations omitted.) Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 383,635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994). "A trial CT Page 4864-af court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion . . ." (Citations omitted.) Krondes v. Norwalk Savings Society, 53 Conn. App. 102,112, 728 A.2d 1103 (1999).
"Collateral estoppel, like its cousin res judicata, presents a question of law that we review de novo . . . Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; internal quotation marks omitted.) Linden CondominiumAssn., Inc. v. McKenna, 247 Conn. 575, 596, 726 A.2d 502 (1999). "Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Citations omitted; internal quotation marks omitted.) Mazziotti v. Allstate Ins. Co., 240 Conn. 799, 812, 695 A.2d 1010
(1997). "Collateral estoppel may only be invoked against a party to a prior adverse proceeding or against those in privity with that party."Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414
(1991). "A party who takes title to real estate is a successor in interest and takes an assignment of that property and all of the rights that run with it. Bobhic Assoc. Ltd. v. Carrabba OB-Gyn Assoc.,44 Conn. App. 719, 722, 692 A.2d 826 (1997)." Maharishi School v. City ofHartford, Superior Court, Docket No. 551521 (October 17, 1997) (Aronson,J.) (20 CONN.L.RPTR. 568). The plaintiffs in the instant matter are in privity with the previous owners and could be subject to the doctrine of collateral estoppel.
"Following Uniroyal Inc. v. Board of Tax Review, 182 Conn. 619,438 A.2d 782 (1991) (Uniroyal II), we have consistently held that the doctrine of collateral estoppel bars a property owner from challenging an assessment where the value of the property was determined in a prior tax appeal related to the same decennial reevaluation year." (Citations omitted.) Maharishi School v. City of Hartford, supra, 20 CONN.L.RPTR. 568. "Since the previous owner stipulated to the fair market value of the property . . . and the court entered judgment upon that stipulation, the parties are collaterally estopped from relitigating the same issue of valuation of the property . . ." JMB Realty Corp. v. City of Hartford, Superior Court, judicial district of Hartford, Docket No. 525547 (June 14, 1996) (Aronson, J.) (17 CONN.L.RPTR. 217). The plaintiff is not entitled to an interim revaluation of the property on the basis that there has been a substantial change in the use of the property. "The only CT Page 4864-ag circumstances provided by statute that require an assessor to conduct an interim revaluation of a property are: (1) damage to a property requiring complete demolition or total reconstruction; General Statutes §12-64a; and (2) new construction completed on the property. General Statutes § 12-53a. We have expressly rejected the argument that changes in property value resulting from market conditions constitute a sufficient basis upon which a taxpayer may compel an interim revaluation of property." Desena v. Waterbury, 249 Conn. 63, 757, 731 A.2d 733
(1999). "We decline to recognize the nonstatutory special circumstances mentioned in the dictum in Ralston Purina Co v. Board of Tax Review,203 Conn. 425, 525 A.2d 91 (1987) — that is, a substantial change in the use of the property or a decision by the taxpayer to go out of business — that the plaintiff asserts entitles him to an interim revaluation of the property." Id., 87.
Nevertheless, "[t]he distinction between requesting a revaluation because the original revaluation was in error and requesting a revaluation because circumstances subsequent to the initial revaluation have effected a change in the present, true and actual value of the property is identifiable and justifiable . . . A request for an interim revaluation, therefore, is brought because the decennial revaluation is allegedly outdated, and is, therefore, a challenge to the legislatively chosen ten year revaluation time period. Conversely, a challenge to the decennial revaluation in a subsequent year seeks only to correct an already existing revaluation. It is a challenge to the manner of taxation . . . and is brought to question the performance of the assessor's duties under General Statutes § 12-64 . . . We find no support for denying taxpayers the right to have their decennial revaluation reflect the property's true value at the time of the decennial revaluation in our case law concerning interim valuations." (Citations omitted; internal quotation marks omitted.) Jupiter Realty Co. v. Board of Tax Review ofVernon, 242 Conn. 363, 373-74, 698 A.2d 312 (1997). The judgment in 1981 was a stipulated judgment and there is nothing before this court to establish that it was fully litigated and actually decided with a decision submitted. For the doctrine of collateral estoppel to apply those facts must be established. Linden Condominium Assn., Inc. v.McKenna, supra. If the defendant claims these elements were present then there exists issues of material facts for the fact-finder. The defendants' Motion for Summary Judgment is therefore denied.
PELLEGRINO, J.