[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#109)
I. Factual and Procedural Background
On February 8, 1999, the plaintiff, Linda Dash, filed a complaint against the defendants, John E. Dash, Jeannine Dash, Noel Dash and Kenneth Dash seeking to collect sums due under a promissory note.
The parties' pleadings reveal the following facts. As part of a probate court settlement, the defendants executed a promissory note, dated August 31, 1991, in favor of the plaintiffs late husband, Thomas V. Dash. After her husband died intestate on October 18, 1998, the plaintiff obtained the note. A spousal property order, dated December 23, 1998, ordered for the note to be passed to the plaintiff as Thomas V. Dash's surviving spouse and confirmed the plaintiffs ownership of the note. CT Page 9140
The note provides, in pertinent part, that "[f]or value received, we the undersigned, promise to pay to the order of Thomas V. Dash . . . or his assigns . . . the sum of . . . [$20,000]." The note further provides that it is "payable in forty-eight equal installments of . . . [$507.25] beginning on the first day of September, 1991 and continuing on the first day of each and every month thereafter until the first day of August, 1995, at which time any unpaid principal and interest shall become due and payable."
The defendants failed to make payments due under the note and, as a result, the plaintiff commenced the present action. On July 19, 1999, the defendants filed an answer and three special defenses. The first special defense alleges, in relevant part, that "[t]here is no evidence . . . that Linda Dash is the widow of Thomas V. Dash nor that she is a successor-in-interest and/or holder of the Note."[1] The second special defense alleges that "[t]he alleged Promissory Note upon which the Plaintiff brings her action states nothing about transfer of the ownership of said Note." The third special defense alleges that "[a]ny defaults that may have occurred, occurred prior to August 31, 1997, making this cause of action outside of the Statute of Limitations."
On March 8, 2000, the plaintiff filed a motion for summary judgment on the ground that there are no genuine issues of material fact as to the defendants' liability under the note. In support of her motion, the plaintiff filed a memorandum of law, two affidavits, the spousal property order and copies of letters demonstrating that Thomas V. Dash attempted to collect sums due under the note. On May 4, 2000, the defendants filed an objection to the motion for summary judgement, an accompanying memorandum of law and the affidavit of the defendant, Jeannine Dash. For the reasons stated below, the plaintiffs motion for summary judgment is granted as to liability only.
II. Standard
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitled him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). CT Page 9141
III. Discussion
The plaintiff argues that summary judgment should enter in her favor because the defendants' answer establishes that they executed the note and are in default for failure to make payments due and, as a holder of the note, she is entitled to enforce the defendants' obligation. The plaintiff further argues that there are no material facts in dispute because the defendants' special defenses are without merit and, thus, will not defeat her claim. In their memorandum of law, the defendants argue that the plaintiff is not entitled to enforce the note because she is not a proper holder of the note. The defendants argue that the plaintiff is not a proper holder of the note because she acquired it as the surviving spouse or heir of Thomas V. Dash and did not acquire the note as permitted by its terms as an assign.
"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies." Alco StandardCorp. v. Charnas, 56 Conn. App. 568, 571, 744 A.2d 924 (2000). "A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . ." (Citation omitted; internal quotation marks omitted.) Pesino v. Atlantic Bank of New York, 244 Conn. 85, 91-92,709 A.2d 540 (1998).
The term assigns "generally comprehends all those who take either immediately or remotely from or under the assignor, whether by conveyance, devise, descent or act of law." (Emphasis omitted.) BobhicAssociates Ltd. Partnership v. Carrabba Ob-Gyn Associates, Inc.,44 Conn. App. 719, 723, 692 A.2d 826 (1997), quoting Black's Law Dictionary. Pursuant to the spousal property order, the plaintiff took the note by operation of the laws of intestate succession. Accordingly, given the plain meaning of the term assigns, the court finds that the language of the note encompasses such a transfer and further finds that the plaintiff is a proper holder of the note. CT Page 9142
The defendants further argue that the plaintiff is not entitled to enforce the note because she is not a holder in due course. The defendants claim that the plaintiff is not a holder in due course because (1) she did not take the note for value and (2) she did not take the note in good faith as she had knowledge that the note could only be transferred via an assignment.
"Not every holder of a note or possessor of a note need be a holder in due course. . . ." Connecticut National Bank v. Marland, Superior Court, judicial district of Middlesex, Docket No. 67948 (March 12, 1993, Walsh,J.). The effect of being a holder in due course is that a holder in due course takes a note subject only to a limited number of defenses enumerated in General Statutes § 42a-3-305 (a)(1). A mere holder, however, takes a note subject to all defenses which would be available against the original promisee or any prior assignor. See id.[2]
Section 42a-3-203 of the General Statutes defines the rights acquired by a transferee of a negotiable instrument. It provides in pertinent part that "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any rights as a holder in due course. . . ." General Statutes § 42a-3-203 (b).[3] The comment to §42a-3-203 (b) states, in pertinent part, that "[i]f the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument under Section 3-301 if the transferor was a holder at the time of transfer. . . . Because the transferee's rights are derivative of the transferor's rights, those rights must be proved. Because the transferee is not a holder, there is no presumption . . . that the transferee, by producing the instrument, is entitled to payment. The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unindorsed instrument by proving the transaction through which the transferee acquired it. Proof of a transfer to the transferee by a holder is proof that the transferee has acquired the rights of a holder."
Thomas V. Dash did not indorse the note. Nonetheless, the plaintiff has accounted for possession of the note by virtue of her status as Thomas V. Dash's widow. Moreover, the plaintiff has proved the transaction through which she acquired the note by submitting the spousal property order which ordered that the note be transferred to her by operation of the laws of intestate succession. Therefore, the plaintiff is a holder entitled to enforce the note under General Statutes § 42a-3-301.[4]
Lastly, the defendants cite the case of Seaboard Surety Co. v.Waterbury, 38 Conn. Sup. 468, 472, 451 A.2d 291 (1982) for the CT Page 9143 proposition that they may collaterally attack the validity of the spousal property order by establishing facts that would make the order void. The defendants argue that the spousal property order is void because it conflicts with the terms of the note in that it posthumously assigned the note to the plaintiff.
Nothing in the note forbids its transfer. Rather, the note permits its transfer by including language that the note was payable to Thomas V. Dash or his assigns. Moreover, as the plain meaning of the term assigns may encompass an assignment by descent or act of law, this court finds that the note permits an assignment via the laws of intestate succession. Therefore, the defendants have failed to establish facts sufficient to invalidate the spousal property order.
Accordingly, there are no material facts in dispute that the plaintiff is a holder entitled to enforce the note. As the defendants' answer reveals that they are the makers of the note, failed to make payments due under the note and ultimately defaulted under the note, the court finds that the defendants are liable to the plaintiff under the note.[5]
IV. Conclusion
Based on the foregoing, the plaintiffs motion for summary judgment is granted as to liability only.
It is so ordered.
By the court,
 Gordon, J.