[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION MEMORANDUM OF DECISION MOTION #111 MOTION FOR SUMMARY JUDGMENT
The instant action concerns a real estate property tax appeal brought pursuant to the provisions of § 12-117a of the Connecticut General Statutes. The plaintiff alleges in its complaint that on October 1, 1996 (the assessment date), it was the owner of a certain property known as 900 Chapel Street, New Haven, Connecticut, tax parcel 241-0234-00500. The CT Page 3562 plaintiff further alleges that pursuant to § 12-62a C.G.S., the Tax Assessor of the city of New Haven valued the property as of the assessment date. In accordance with the provisions of a tax phase-in the city assessed the property at forty one percent (41%) of that "purported value" resulting in an assessment of one million fifty nine thousand seven hundred twenty seven dollars ($1,059,727).
The plaintiff appealed the aforementioned assessment to the city's Board of Tax Review and on or about March 28, 1997, the Board denied the appeal and made no changes in the assessment or valuation. The plaintiff then filed the instant action.
On February 26, 2002, the defendant filed a Motion for Summary Judgment asserting that the plaintiffs action is barred by the doctrines of res judicata and collateral estoppel.
The defendant asserts that the exact issues in this tax appeal were brought before the Court by the previous property owner in the matter ofRouse Chapel Square, Inc. v. CONH, CV 91 03160245, (Moran, J). The defendant further asserts that said issues were adjudicated and the Court entered judgment June 29, 1995. Upon reviewing the motion and its attachments, the Court notes that Rouse Id. was not heard on its merits, but judgment was entered in accordance with a Stipulation between the parties, dated May 30, 1995.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and sewed as are pleadings.
Attached to the plaintiff's Motion for Summary Judgment was: CT Page 3563
1) A copy of an executed Stipulated Judgment; and
2) An Affidavit of William O'Brien, Tax Assessor.
Before addressing the merits of plaintiffs motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H HR. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.HR. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590 (1998).
The defendant asserts that the plaintiff is prohibited from litigating the instant action for reason of res judicata and collateral estoppel, therefore a brief review of these doctrines is necessary.
Res judicata and collateral estoppel "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally CT Page 3564 decided, it comes to rest." State v. Ellis, 197 Conn. 436, 464-65, 497 A.2d 974 (1985), on appeal after remand sub nom. State v. Paradise, 213 Conn. 388, 567 A.2d 1221
(1990). "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." (Emphasis added.) In re Juvenile Appeal (83-DE), 190 Conn. 310, 316, 460 A.2d 1277 (1983). "`For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.'" (Emphasis added.)
 Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243
(1988); see also Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Hope, 215 Conn. 570, 584, 577 A.2d 1000 (1990), cert. denied, 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054
(1991). "An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. (Emphasis added.) I Restatement (Second), Page 33 Judgments 27, comment (d) (1982). An issue is necessarily determined if, `in the absence of a determination of the issue, the judgment could not have been validly rendered.' F. James G. Hazard, Civil Procedure (3d Ed. 1985) 11.19. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. 1 Restatement (Second), Judgments 27, comment (h) (1982)." (Emphasis in original.) Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 714-15, 627 A.2d 374 (1993).
 Carol Management Corp. v. Board of Tax Review, 228 Conn. 23, 32 (1993).
The action that the defendant cites as having previously determined the issues that are the subject of this action was resolved by the parties by the use is a stipulated agreement upon which the Superior Court entered judgment. CT Page 3565
 "A stipulated judgment is not a judicial determination of any litigated right. . . . It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. . . . Gillis v. Gillis, 214 Conn. 336, 339-40, 572 A.2d 323 (1990). . . . Tureck v. George, 44 Conn. App. 154, 161, 687 A.2d 1309, cert. denied, 240 Conn. 914, 691 A.2d 1080 (1997).
 City of Torrington v. Zoning Comm., Tn., Harwinton, 63 Conn. App. 776, 788 (2001).
In light of the fact that a stipulated judgment is not a judicial determination of any litigated right, but a contract to resolve the controversy between the parties to said contract, the issue becomes whether or not a subsequent purchaser of the property is bound by the provisions of said contract. A similar issue was raised in a city of Hartford tax appeal. In that case, a plaintiff in a tax appeal case raised the issue after the defendant had filed a motion for summary judgment:
 . . . In response to the motion for summary judgment the plaintiff raises three issues in this appeal. The first issue is whether the plaintiff, as a subsequent owner not involved in the prior litigation, is bound by any stipulation previously agreed to by the prior owner and the city.
 Maharishi School v. City of Hartford, No. CV95 0551521 (Oct. 17, 1997) 1997 Ct. Sup. 10317, 10640 (Aronson, JTR)
The Court in Maharishi, Id., held that because the plaintiff in that matter was the successor to the interest of the plaintiff (former property owner) in the tax appeal, there was a "privity of estate" between successor and the former property owner and therefore the subsequent CT Page 3566 property owner was bound by the provisions of the stipulated agreement.
 A party who takes title to real estate is a successor in interest and takes an assignment of that property and all of the rights that run with it. Bobhic Assoc. Ltd. v. Carrabba OB-Gyn Assoc., 44 Conn. App. 719, 722, 692 A.2d 826 (1997). The stipulation between the plaintiffs predecessor in title and the city recited that [former property owner] was settling all matters related to the payment of real estate taxes occurring before and after the date of the stipulation . . . We conclude that the plaintiff, as a successor in interest. . . . is in privity with the [former property owner], purchased the property with knowledge of the tax on the property, and is therefore bound by the valuation as stipulated by [former property owner] and the city.
The prior action cited by the defendant concerns a tax appeal on the subject property brought pursuant to the provisions of § 12-117a
C.G.S. The instant action was brought by a subsequent owner of the subject property, but concerning the same property valuation period. There is a privity of estate between the former owner and the plaintiff hereto, and therefore the plaintiff is bound by the provisions of the Stipulated Judgment entered into by the former owner and the city of New Haven.
In light of the foregoing, the motion for summary judgment is granted.
 ___________________ Richard A. Robinson, J March 19, 2002